IN THE UNITED STATES DISTRICT COURT`
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOBI GELLMAN., AS TRUSTEE OF THE MAYER MICHEL LEBOWITZ TRUST, § § § Plaintiff, § § v. § § ADT SECURITY SERVICES, INC., § DIGITAL SECURITY CONTROLS, INC., § EUROPLEX TECHNOLOGIES (USA), INC., § NAPCO SECURITY SYSTEMS, INC., § TELULAR CORPORATION, AND § NUMEREX CORP. § § Defendants. § | CIVIL ACTION NO. 2:07-CV-0282 |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Telular Corporations Motion to Dismiss or Transfer (Dkt. No. 23) and related briefing. Defendant ADT Security Services, Inc. has joined this motion (Dkt. No. 25). The defendants request that this case be dismissed pursuant to 28 U.S.C. § 1406(a) or alternatively be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, the Defendants' motion is DENIED for the reasons set forth in this opinion.

I.  **Background**

Plaintiff Tobi Gellman ("Gellman") brought this action on July 6, 2007 against defendants ADT Security Services, Inc. ("ADT"), Diebold, Inc. ("Diebold"), Digital Security Controls, Inc. ("DSC"), Europlex Technologies (USA), Inc. ("Europlex"), Napco Security Systems, Inc. ("Napco"), Protection One, Inc. ("Protection One"), Telular Corporation ("Telular") and Numerex Corp.

("Numerex"). Defendants Diebold and Protection One have been terminated. Plaintiff is a resident of Dallas, Texas. Defendant ADT is incorporated in Delaware with its primary place of business in Boca Raton, Florida. Defendant DSC is a corporation organized under the laws of New York, with its primary place of business in Ontario, Canada. Defendant Europlex is a Georgia corporation with headquarters in Atlanta, Georgia. Defendant Napco is incorporated in Delaware with its primary place of business in Amityville, New York. Defendant Telular is a corporation organized under the laws of Delaware, with its primary place of business in Vernon Hills, Illinois. Defendant Numerex is incorporated in Pennsylvania, with headquarters in Atlanta, Georgia.

This is a patent infringement case involving Remote Monitoring Equipment. In this action, the Plaintiff alleges that products and services sold by the Defendants infringe U.S. Patent No. 6,075,451 (the "'451 patent"). The named inventors on this patent are Mayer M. Lebowitz and James Sievert. Defendants Telular and ADT have motioned this court to either dismiss this case or alternatively transfer it to the Northern District of Illinois.

## II. Discussion

### A. Personal Jurisdiction

In patent infringement actions, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194 (Fed. Cir. 2003). The existence of personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Texas' long-arm statute extends to the limits of due process, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); therefore, the two inquires collapse into a single

inquiry of whether the exercise of personal jurisdiction comports with due process. *See Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

There are two types of personal jurisdiction: specific and general. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Specific jurisdiction requires that the plaintiffs' claims arise from or relate to the defendant's contacts with the forum. *Silent Drive*, 326 F.3d at 1200. The Federal Circuit has held that in order to satisfy due process in a patent case, any question of personal jurisdiction must take into account three factors: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair". *Id.* at 1202.

Here, Telular's Telguard units are sold in the district. Plaintiff contends that these units are sold to a distributor that installs units in the Eastern District. *Plaintiff's Response*, p. 3. Defendant Telular contends that these units are sold by Telular to Defendant ADT, and Telular does not control the activities of ADT in the Eastern District of Texas. *Defendant's Reply*, p. 4. The Federal Circuit has stated that "if the sale of a product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the [defendants] to serve, directly or indirectly, the market for its product ..., it is not unreasonable to subject it to suit." *Beverly Hills Fan Co. V. Royal Sovereign Corp.*, 21 F3d. 1558, 1566 (Fed. Cir. 1994) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). A forum has "personal jurisdiction over a corporation that delivers products into the stream of commerce with the expectation that they will be purchased by the consumers in the forum State." *Id*. Here, when Telular, acting in consort with ADT, placed the accused products in the stream of commerce, they knew the likely destination of the products, and

their conduct and connections with this forum were such that they should reasonably have anticipated being brought into court here. *See id.*

Plaintiff further contends that Telular provides post-installation service to the Telguard units sold in this district by activating these units from a remote location such that monitoring services can be provided for these units. *Plaintiff's Response*, p. 3. Defendant characterizes this activity as a mere reception of radio wave signals originating from this district in a different state. *Defendant's Reply*, p. 4. However, it would seem that it is the activation of these units that makes them commercially viable. Telular's involvement in this activation provides further support to find minimum contacts with this forum.

The next inquiry is whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," i.e., whether it is reasonable under the circumstances of the case. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The "reasonableness" analysis is guided by the following factors: (1) the burden that the exercise of jurisdiction will impose on the defendant, (2) the interests of the forum state in adjudicating the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Ind. Co., Ltd. v. Superior Ct. of Cal., Solano City*, 480 U.S. 102, 113-14, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Here, Telular seeks business in Texas and monitors Telguard units sold in the Eastern District. Plaintiff contends that this activity has been ongoing since 2003. *Plaintiff's Response*, p. 4. It is consistent with traditional fairness considerations for this court to exercise personal jurisdiction over Telular.

4

**B. Venue is Proper**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

A.   **Private Factors**

1.   Plaintiff's Choice of Forum

The plaintiffs' choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiffs' choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiffs chose to bring its suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

2.   The Convenience of the Parties and the Witnesses

The court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The plaintiff is a resident of Dallas, Texas, located in close proximity of the Eastern District of Texas. None of the defendants are located in Texas. Accordingly, the convenience of the parties weighs slightly against transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

With respect to key party witnesses, Telular notes that its key fact witnesses are located

6

mainly in Illinois and Georgia. *Defendant's Motion*, p. 8. Telular also identifies three of its employees as key party witnesses. Two of the individuals reside in Atlanta, the third resides in Chicago. Telular does not adequately address how witnesses from Georgia would be substantially inconvenienced by attending trial in Texas instead of in Illinois. The plaintiffs chose to bring their suit here, therefore, the court assumes this forum is convenient for the plaintiffs. *See Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F.Supp.2d 676, 678 (E.D.Tex. 2006). Therefore, the convenience of party witnesses is neutral as to transfer.

In its Motion, Telular fails to specifically identify key non-party witnesses, outline the substance of their testimony, and show that these witnesses would either be unwilling to or inconvenienced by traveling to Texas. In the court's view, the convenience of non-party witnesses neutral as to transfer.

3. The Place of the Alleged Wrong

Cordis' accused products are sold in both the Northern District of Illinois and this District. The court, therefore, gives this factor no weight.

4. The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process

Telular contends that a majority of relevant witnesses reside within the Northern District of Illinois. However, from the briefing of the parties, a majority of the identified witnesses are located outside of both Illinois and Texas. Accordingly, this factor is neutral as to transfer.

5. The Availability and Location of Sources of Proof

A majority of Telular's sources of proof are located in Chicago, Illinois. A majority of Plaintiff's sources of proof are located in Dallas, Texas. The court notes that the increasing ease of

7

storage and transportation while not rendering this factor superfluous, does make it less significant. *See Tinkers & Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006). Documents can easily be transported to Marshall, Texas. This factor is neutral as to transfer.

      6.      <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

      **B.**      **Public Interest Factors**

      1.      <u>The Administrative Difficulties Caused by Court Congestion</u>

The defendants argue that there is no court congestion in the suggested transferee court that would substantially delay trial of this action. *Defendant's Motion*, p. 10. Defendants note that the median time interval from filing to trial of civil cases in the Northern District of Illinois is 26.4 months compared to 17.7 months in the Eastern District of Texas. However, these statistics do not provide data for patent cases, which tend to have special rules and procedures. In the court's view, this factor is neutral as to transfer.

      2.      <u>The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty</u>

Telular's accused products are sold in this District. The sale of allegedly infringing products in the Eastern District of Texas is an event that is significant and relevant to this action. The citizens of the Eastern District of Texas have a substantial interest in whether acts of patent infringement have occurred in this District and in the State of Texas. This factor weighs against transfer

3. <u>The avoidance of unnecessary problems in conflict of laws</u>

Patent claims are governed by federal law. This court and the court in the Northern District of Illinois are both capable of applying patent law to infringement claims. Therefore, this factor is neutral as to transfer.

## III. Conclusion

For the reason stated above, the Defendants has failed to satisfy their burden of showing either that this court lacks personal jurisdiction over them or that there is good cause that necessitates a transfer in this case. The court finds that the competing factors do not justify a transfer. Accordingly, Defendants' Motion is DENIED.

SIGNED this 10th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE