# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TOBI GELLMAN, AS TRUSTEE OF THE MAYER MICHAEL LEBOWITZ TRUST §§§ Plaintiff, Counter-Defendant § § v. § § § ADT SECURITY SERVICES, INC., TELULAR CORPORATION, NAPCO SECURITY SYSTEMS, INC., AND VISONIC INC. § § § § § § Defendants, Counter-Plaintiffs § § § § | Civil Action No. 2:07-cv-00282-CE |

## DEFENDANTS' MOTION
## TO DISMISS FOR LACK OF STANDING

Defendants Telular Corporation ("Telular"), Napco Security Technologies, Inc. ("Napco"), and Visonic Inc. ("Visonic") (collectively "Defendants"), move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7) to dismiss with prejudice the claims of Plaintiff Tobi Gellman, as Trustee of the Mayer Michael Lebowitz Trust ("Plaintiff"). Plaintiff has failed to join a necessary party under Rule 19, namely the co-owner/co-inventor of the U.S. Patent 6,075,451 ("the '451 Patent"), John James Seivert ("Seivert"), who is now deceased. This failure cannot be cured with respect to Telular, Napco, and Visonic since they have secured a broad license to the '451 Patent. As such, this case should be dismissed with prejudice as a matter of law.

## I.   INTRODUCTION

Like a rerun of the circumstances leading to dismissal of the plaintiff's patent infringement case in *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998), Plaintiff brought this lawsuit charging the Defendants with infringement of the '451 Patent, but Plaintiff is not the sole owner of the '451 Patent.  Rather, Seivert is a co-inventor and, therefore, co-owner of the '451 Patent.  Notably, Seivert has not assigned his interest in the '451 Patent, nor has he or his estate joined in this action.  As such, Plaintiff lacks standing to bring this lawsuit, and this Court lacks subject matter jurisdiction over all claims against Defendants and must dismiss them.

Plaintiff alleges full ownership in the '451 Patent, based solely on a purported assignment that does not identify or relate to the '451 Patent, and is legally insufficient to establish Plaintiff holds sole title of the '451 Patent.  As detailed below, the purported assignment does not convey Seivert's interest in the '451 Patent; instead it relates to a different (and subsequently abandoned) patent application by the same two inventors.

Furthermore, Defendants Telular, Napco, and Visonic have each obtained a patent license to the '451 Patent, which includes a comprehensive grant of a license, a release, a covenant not to sue, and a covenant of quiet title from the Independent Executor of the deceased co-owner's (Seivert's) estate.  Plaintiff, therefore, cannot cure the standing defect.  Consequently, this suit must be dismissed.

## II.  STATEMENT OF THE ISSUE TO BE DETERMINED

Whether the Court has subject matter jurisdiction over Plaintiff's infringement claim in light of Seivert's co-ownership of the patent-in-suit and Plaintiff's failure to join Seivert in this suit?

## III.  STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  Patent application 08/680,394, which ultimately issued as the '451 Patent, was filed on July 15, 1996.[1]  *See* Benn Dec., Exhibit 1.  On June 13, 2000, the '451 Patent was "duly and legally issued to Mayer M. Lebowitz ('Lebowitz') and James Sievert, [sic]," the named inventors listed on the face of the issued patent.  *Id*.  No assignment of interest in the '451 Patent was recorded with the United States Patent and Trademark Office ("USPTO") prior to the issuance of the patent and no assignee is listed on the face of the issued patent.  *Id*.

2.  In March 2007, Terry M. Gernstein, a prosecuting attorney of the '451 Patent, submitted a Recordation Cover Sheet that purported to record an assignment dated February 23, 1998 from Seivert to Lebowitz.  *See* Recorded Assignment, USPTO Reel 019116 Frame 0320-0321 (TELP000360-361) at Exhibit 2.  The purported assignment document itself, however, consisted of a single page without signature, date, patent number, or patent application number. Perhaps most significantly, the only identification of the subject matter of the purported assignment was "A UNIVERSAL MICROPROCESSOR/INTERFACE, described in an application for Letters Patent of the United States, executed by me on the _____ day of ___, 19____."  Nevertheless, the application that ultimately issued as the '451 Patent, filed nearly two years before the alleged assignment document was created, is titled "RF CELLULAR

---

[1] All exhibits referenced herein are attached to the Declaration of Marvin Benn, which is attached as Exhibit A to this Motion.

TECHNOLOGY NETWORK TRANSMISSION SYSTEM FOR REMOTE MONITORING EQUIPMENT."

3. Plaintiff filed a Complaint on July 6, 2007, alleging infringement of the '451 Patent. *See* Original Complaint [Dkt. No. 1]. In this Complaint, Plaintiff alleged that the Mayer Michael Lebowitz Trust ("Lebowitz Trust") is the owner by assignment of the '451 Patent. *Id.* at ¶ 13.

4. On March 22, 2010, Plaintiff served verified Responses to Defendants' First Set of Common Interrogatories (1 to 9). *See* Plaintiff's Responses to Defendants' First Set of Common Interrogatories at Exhibit 3. In response to Interrogatory No. 5, seeking the identification of all documents which evidence the ownership of the '451 Patent, Plaintiff identified only a single document that addressed Seivert's interest in the '451 Patent, including an unnumbered "orphan" signature page textually divorced from whatever preceded it. *See* Purported Patent Assignment (Gellman 0000210-211) at Exhibit 4.

5. On August 29, 2009, co-inventor Seivert died. In his Last Will and Testament, Seivert named his daughter, Elizabeth Ganter ("Ganter") the executor, principal and sole heir of his property. *See* Letters Testamentary at Exhibit 5. Thereafter, a Texas probate court appointed Ganter the Independent Executor of the Seivert Estate. *Id.*

6. On April 13, 2010, Ganter, as the Independent Executor of the Seivert Estate, executed a world-wide, fully paid-up, irrevocable, royalty-free, perpetual, non-exclusive license under the '451 Patent to the fullest extent of Seivert's interest in the '451 Patent to each of the Defendants. *See* License Agreements at Exhibit 7. Each of the licenses contains a comprehensive release, covenant not to sue, and a covenant of quiet title.

## IV.     ARGUMENT

**A.     Plaintiff Lacks Standing Because the Owner of Seivert's Interest is a Necessary Party.**

The party invoking federal jurisdiction bears the burden of establishing standing. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1032 (Fed. Cir. 1995). "[T]o assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title at the inception of the lawsuit." *Lujan*, 504 U.S. at 561. If a co-owner of a patent wishes to sue for infringement, he must join the other co-owners in the action in order to avoid a dismissal for lack of standing. *Univ. of Pittsburgh v. Varian Med. Sys. Inc.*, 569 F.3d 1328 (Fed. Cir. 2009). The co-owner is a necessary party to the lawsuit. *Ethicon,* 135 F.3d at 1460 (Fed. Cir. 1998).

It is a bedrock tenet of patent law that "an invention presumptively belongs to its creator." *Teets v. Chromalloy Gas Turbine Corp.*, 83 F.3d 403, 406 (Fed. Cir. 1996). Consistent with the presumption that the inventor owns his invention, the "[p]atent issuance creates a presumption that the named inventors are the true and only inventors." *Ethicon,* 135 F.3d at 1460 (Fed. Cir. 1998). When, as here, multiple inventors are listed on the face of the patent, each co-owner "presumptively owns a *pro rata* undivided interest in the entire patent, no matter what their respective contributions." *Id*. Without a complete unified ownership interest of the '451 Patent or the joinder of co-inventor Seivert, Plaintiff lacks standing to sue for infringement.

**B.     Plaintiff Does Not Own Seivert's Interest in the '451 Patent.**

As Plaintiff alleges, the '451 Patent was issued to the named inventors listed on the face of the '451 Patent – Lebowitz and Seivert. *See* First Amended Complaint at ¶ 13 [Dkt. No. 73]. Plaintiff now claims she has standing to sue for patent infringement because she owns all

ownership interest in the '451 Patent by assignment from Lebowitz. She is mistaken in her claim as she does not own such an interest, and she has no written proof of a conveyance of such an interest.

Federal patent law requires that assignments of "patents, applications for patents, or any interest therein" be in writing. 35 U.S.C. § 261. Construction of a patent assignment is a matter of state contract law. *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1370 (Fed.Cir. 2008). Ownership depends upon "the substance of what was granted" through assignment. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 874 (Fed. Cir. 1991). In construing the substance of the assignment, a court must carefully consider the intention of the parties and the language of the grant. *Id*. Federal patent law provides guidance with respect to the identification of the property transferred. *See, e.g.*, *Lincoln Imports, Ltd. v. Santa's Best Craft, Ltd.*, 2008 WL 2754530 at *2 (S.D. Tex. July 14, 2008) (applying USPTO regulations to determine the sufficiency of a written assignment). As set forth in 37 CFR 3.21 and MPEP 302.2, the USPTO requires that the patent or patent application to which an assignment relates **must be identified by patent number or application number** whenever the assignment is being executed after the application has been filed. An assignment executed concurrently with or before the application is filed, must identify the name(s) of the inventors, and the title of the invention. These procedures are in place "so that there can be no mistake as to the patent application intended." 37 CFR 3.21.

Plaintiff's only identified written proof of Seivert's assignment is the Purported Patent Assignment Gellman 0000210-211, which she finally produced on March 1, 2010. Notably, however, the Purported Patent Assignment bears a stated date of execution of February 23, 1998, approximately nineteen (19) months after the filing date of the '451 Patent; yet, it conspicuously

fails to recite any Serial Application Number as identification of the assigned subject matter despite the '451 Patent having been long accorded a USPTO Serial Number. *See* Purported Patent Assignment (Gellman 0000210-211) at Exhibit 4.  Moreover, the Purported Patent Assignment identified the invention assigned as "A UNIVERSAL MICROPROCESSOR/INTERFACE" rather than the title of the patent application that issued as the '451 Patent - "RF CELLULAR TECHNOLOGY NETWORK TRANSMISSION SYSTEM FOR REMOTE MONITORING EQUIPMENT." *Id*.

Further, the orphan signature page of the Purported Patent Assignment was not acknowledged before a notary public or officer authorized to administer oaths or perform notarial acts.  Under 35 U.S.C. §261, the lack of such an acknowledgment prevents a recorded assignment from constituting *prima facie* evidence of the execution of the assignment, grant, or conveyance.

Indeed, nothing in the Purported Patent Assignment conveys any interest in the then-pending patent application Serial Number 08/680,394 (which ultimately matured into the '451 Patent).  As discussed previously, the Purported Patent Assignment does not include any Serial Application Number as identification of the assigned subject matter or even the title of the patent application.  By contrast, the assignment of Mr. Lebowitz's interest to the Lebowitz Trust, lists all patents being assigned by title, patent number, and the date the patent was granted, and was notarized.  *See* Assignments executed by Tobi Gellman at Exhibit 9.  Because the only written purported assignment upon which Plaintiff relies does not convey any interest in the '451 Patent, Seivert's interests as a co-inventor have not been assigned to Plaintiff.[2]

---

[2] Further, assuming *arguendo* that Seivert executed the Purported Patent Assignment on February 23, 1998, in order to give his rights in the '451 Patent to Lebowitz as Plaintiff now claims, it is most odd that both co-inventors Lebowitz and Seivert signed a new Power of Attorney form appointing Terry Gernstein on August 19, 1999 (a year and a half later).  *See* Declaration and Power of Attorney dated August 19, 1999 at Exhibit 11.

**C.      The Alleged Assignment Instead Relates to an Abandoned Patent Application.**

To the extent that the Purported Patent Assignment assigns any interest from Seivert to Lebowitz, the Plaintiff's March 1, 2010 document production makes it clear that the assignment in question does not pertain to the '451 Patent, but instead applies to a different patent application, namely Serial Application No. 09/087,512, which apparently never matured into an issued patent.  *See* USPTO Filing Receipt for Patent Application 09/087,512 (Gellman 00001049) at Exhibit 6.

The Purported Patent Assignment and the USPTO Filing Receipt for Patent Application 09/087,512 reveal:

| **Filing Particular** | **The '451 Patent** | **Serial Application No. 09/087,512** |
|---|---|---|
| Filing Date | July 15, 1996 | May 28, 1998 |
| Inventors' Names | Mayer M. Lebowitz<br>James Sievert | Mike Lebowitz<br>Jim Seivert |
| Title | RF CELLULAR TECHNOLOGY NETWORK TRANSMISSION SYSTEM FOR REMOTE MONITORING EQUIPMENT | A UNIVERSAL MICROPROCESSOR/INTERFACE |
| Status | Issued: June 13, 2000 | Abandoned: Final Rejection – June 28, 2002 |
| Execution Date of Declaration and Power of Attorney | October 3, 1996 | Not Produced by Plaintiff |

The Purported Patent Assignment, ostensibly dated February 23, 1998, and not recorded until over nine years later in March 2007, states the names "Mike Lebowitz" and "Jim Seivert." This identically matches the informal inventors' names and the correctly spelled "Seivert"

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING** - Page **8**

surname provided in Serial Application No. 09/087,512– **not** the formal inventors' names and the incorrectly spelled "Sievert" surname provided in the '451 Patent.

The Purported Patent Assignment also reflects the exact title of Serial Application No. 09/087,512, right down to the use of a non-spaced backslash to separate the words "microprocessor" and "interface" – **not** the title of the '451 Patent.

As discussed previously, the February 23, 1998 date of the Purported Patent Assignment fails to recite any Serial Application Number as identification of the assigned subject matter despite the '451 Patent having been long accorded a USPTO Serial Number. Conversely, the Purported Patent Assignment signed February 23, 1998, for "A UNIVERSAL MICROPROCESSOR/ INTERFACE" included no identifying serial application number because the patent application for "A UNIVERSAL MICROPROCESSOR/INTERFACE" had not been filed at that time. The Purported Patent Assignment's execution date of February 23, 1998, is before the May 28, 1998 filing date of the "A UNIVERSAL MICROPROCESSOR/INTERFACE" application (assigned Serial Application No. 09/087,512) thus explaining why the Purported Patent Assignment has no identifying patent application serial number.

Still further, the '451 Patent (Serial No. 08/680,394) specification did not even include the word "universal" when the Purported Patent Assignment was executed. The term "universal" was first introduced during the prosecution of the '451 Patent when it was included in newly added claims 13-23 of the RESPONSE dated March 9, 1999, after the February 23, 1998 date reflected on the Purported Patent Assignment. *See* Response filed in the PTO on March 9, 1999 (TELP000307-310) at Exhibit 8.

**D.    Plaintiff Cannot Remedy The Standing Defect Through Joinder.**

"In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners." 35 U.S.C. § 262. This statute allowing each co-owner the unfettered right to grant licenses without the other's consent and without obligation to account for profits, has been interpreted to include the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit. *Ethicon*, 135 F.3d at 1468 (holding "as a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit[3]"); *see also Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997) ("One co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit.").

The moving Defendants have obtained licenses under the '451 Patent from the Seivert Estate. *See* License Agreements at Exhibit 7. Each license contains a comprehensive release, covenant not to sue, and a covenant of quiet title. Because the owner of Seivert's interest in the '451 Patent is contractually precluded from joining suit as a plaintiff against the remaining Defendants, Plaintiff Gellman cannot correct the defect in standing as to these defendants.

In view of the foregoing, a dismissal with prejudice is warranted. *Fieldturf, Inc. v. Sw. Recreational Indus.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) ("Ordinarily, dismissal for lack of standing is without prejudice. On occasion, however, a dismissal with prejudice is appropriate,

---

[3] Two established exceptions exist to the general rule that failure of a co-owner to consent to join as plaintiff is fatal: (1) where a patent owner has granted an exclusive license and must permit the licensee to file suit in his name, and (2) where a co-owner has waived his right to refuse to join suit by agreement. *Ethicon*, at 1468. Neither is applicable here.

especially where it is plainly unlikely that the plaintiff will be able to cure the standing problem.")

## V.     CONCLUSION

Plaintiff cannot prove that she has Seivert's rights to the '451 Patent.  Because Plaintiff does not have standing to sue on her own, this lawsuit must be dismissed; Plaintiff's failure to obtain the consent of co-owner Seivert to join as a plaintiff is fatal to her claims.  Where, as here, the co-owner has in fact entered into a license and covenant not to sue the Defendants, involuntary joinder is not possible.

## VI.     RELIEF REQUESTED

For all these reasons, Defendants respectfully request that this Court dismiss Plaintiff's action with prejudice for an incurable failure, relative to these Defendants, to join a necessary party under Rule 19, namely the co-inventor of the '451 Patent, John James Seivert.

Dated:  April 26, 2010                                      Respectfully submitted,

By:*/s/ John R. Mugno (with permission)*          By:*/s/  Morgan D. Vaughan*
    Marvin Benn
John R. Mugno                                                     James P. Hanrath
350 Broadway, 10th Fl,                                         Steven P. Blonder
New York, NY 10013                                             MUCH SHELIST
Tel: 212-925-3474                                                  191 N. Wacker Drive, Suite 1800
Fax: 212-925-3665                                                 Chicago, IL 60606-1625
Johnmugno@aol.com                                           Tel: 312-521-2000
    Fax: 312-521-2200
Amanda A. Abraham                                           jhanrath@muchshelist.com
THE ROTH LAW FIRM                                         mbenn@muchshelist.com
115 N. Wellington, Suite 200                               sblonder@muchshelist.com
PO Box 876
Marshall, TX 75671-0876                                     Jennifer H. Doan
    Texas Bar No. 08809050
Counsel for Napco Security Technologies, Inc.   Morgan D. Vaughan
    Texas Bar No. 24060769
    HALTOM & DOAN
    6500 Summerhill Road
    Crown Executive Center, Suite 100
    PO Box 6227
    Texarkana, TX 75505
    Tel: 903-255-1000
    Fax: 903-255-0800
    E: jdoan@haltomdoan.com
    E: mvaughan@haltomdoan.com

    Counsel for Telular Corporation


    By:*/s/ Julianne M. Hartzell (with permission)*
    Thomas I. Ross
    Julianne M. Hartzell
    Benjamin T. Horton
    MARSHALL, GERSTEIN & BORUN LLP
    6300 Sears Tower
    233 South Wacker Drive
    Chicago, IL 60606-6357
    (312) 474-6300
    tross@marshallip.com
    jhartzell@marshallip.com
    bhorton@marshallip.com

        Wesley Hill
        Texas State Bar No. 24032294
        WARD & SMITH LAW FIRM
        111 West Tyler Street
        Longview, TX 75601
        (903)757-6400
        wh@jwfirm.com

        Counsel for Visonic, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 26th day of April, 2010.

          /s/ Morgan D. Vaughan
          Morgan D. Vaughan