# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TOBI GELLMAN, AS TRUSTEE OF THE MAYER MICHAEL LEBOWITZ TRUST | §<br>§<br>§ | |
| Plaintiff, Counter-Defendant | § | Civil Action No. 2:07-cv-00282-CE |
| | §<br>§ | |
| v. | §<br>§ | |
| | § | |
| ADT SECURITY SERVICES, INC., TELULAR CORPORATION, NAPCO SECURITY SYSTEMS, INC., AND VISIONIC INC. | §<br>§<br>§<br>§<br>§ | |
| Defendants, Counter-Plaintiffs | §<br>§<br>§<br>§ | |

## DECLARATION OF MARVIN BENN

I, Marvin Benn, counsel for Defendant Telular Corporation hereby states as follows:

a)  Exhibit 1 attached hereto is a true and exact copy of the front page of the United States Patent No. 6,075,451, the Patent at issue in the above entitled cause.

b)  Exhibit 2 attached hereto is a true and exact copy of a recorded assignment of USPTO Reel 019116 Frame 0320 and 0321 (TELP000360-361).

c)  Exhibit 3 attached hereto is a true and exact copy of Plaintiff Tobi Gellman's Objections and Responses to Defendants' First Set of Common Interrogatories (1 to 9).

d)  Exhibit 4 attached hereto is a true and exact copy of documents produced by Plaintiff (Gellman  0000210-211) purportedly to show an assignment from Jim Seivert to Mike Lebowitz.

e)  Exhibit 5 attached hereto is a true and exact copy of LETTERS TESTAMENTARY of Cause No. 10-1087-P3 in Probate Court, County of Dallas, Texas, inclusive of The Last Will and

Testament and court Order Probating Will and Authorizing Letters Testamentary dated April 12, 2010 relative the Estate of John James Seivert.

f)  Exhibit 6 attached hereto is a true and exact copy of a USPTO FILING RECEIPT for application 09/087,512 filed on May 28, 1998 by Applicants Mike Lebowitz and Jim Seivert "A Universal Microprocessor/Interface";

g) Group Exhibit 7 attached hereto is a true and exact copy of the three licenses of the '451 Patent issued by the Estate of John James Seivert to Telular, Visonic and Napco on April 13, 2010, the same being filed Restricted Under Seal For Attorney's Eyes Only;

h) Exhibit 8 attached hereto is a true and exact copy of a Response filed in the Patent Office on March 9, 1999 in the prosecution file history of the '451 Patent in suit herein.;

i) Group Exhibit 9 attached hereto is a true and exact copy of certain assignment documents executed by Tobi Kay Gellman;

j) Exhibit 10 attached hereto is a true and exact copy of a Declaration and Power of Attorney relative the '451 Patent executed on October 3, 1996 and appointing David Judson; and

k) Exhibit 11 attached hereto is a true and exact copy of Power of Attorney form appointing Mr. Terry Gernstein on August 19, 1999.

I, Marvin Benn, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 26, 2010

Marvin N. Benn

# EXHIBIT 1

US006075451A

# United States Patent [19]

## Lebowitz et al.

[11]   **Patent Number:**        **6,075,451**

[45]   **Date of Patent:**        **Jun. 13, 2000**

[54] **RF CELLULAR TECHNOLOGY NETWORK TRANSMISSION SYSTEM FOR REMOTE MONITORING EQUIPMENT**

[76] Inventors: **Mayer M. Lebowitz**, 6235 Lake Hubbard Pkwy., Dallas, Tex. 75229; **James Sievert**, 6235 Lake Hubbard Pkwy., Garland, Tex. 75043

[21] Appl. No.: **08/680,394**

[22] Filed: **Jul. 15, 1996**

[51] Int. Cl.$^7$ ................................................. **H04M 11/04**

[52] U.S. Cl. ...................... **340/825.06**; 455/404; 379/27; 340/541

[58] Field of Search ............................... 455/404; 379/27, 379/28, 29; 340/539, 825.06, 825.7, 541

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,577,182 | 3/1986 | Millsap et al. | 455/404 |
| 4,635,040 | 1/1987 | Masot | 340/533 |
| 4,737,769 | 4/1988 | Masot | 340/533 |
| 4,993,059 | 2/1991 | Smith et al. | 455/404 |
| 5,131,019 | 7/1992 | Sheffer et al. | 455/404 |
| 5,146,486 | 9/1992 | Lebowitz | 455/404 |
| 5,272,465 | 12/1993 | Meares, Jr. | 455/404 |
| 5,400,246 | 3/1995 | Wilson et al. | 455/404 |
| 5,454,024 | 9/1995 | Lebowitz | 455/404 |
| 5,544,222 | 8/1996 | Robinson et al. | 455/404 |
| 5,594,740 | 1/1997 | LaDue | 455/404 |
| 5,608,171 | 3/1997 | Hunter et al. | 455/404 |
| 5,717,379 | 2/1998 | Peters | 340/539 |

Primary Examiner—David R. Hudspeth
Assistant Examiner—Daniel Abebe
Attorney, Agent, or Firm—Terry M Gernstein

[57]   **ABSTRACT**

A system for transmitting data between a subscriber site and at least one monitoring station, comprising a sensor circuit for generating data responsive to an event at the subscriber site, a first transmission circuit responsive to said sensor circuit and being operable to transmit data in a first format from the subscriber site to the monitoring station over an RF telecommunications network, a second transmission circuit responsive to said sensor circuit and being operable to transmit data from the subscriber site to the monitoring station over a second telecommunications network. A programmable converter module converts between an alarm signal format and an RF cellular technology format.

**22 Claims, 2 Drawing Sheets**



# EXHIBIT 2

Form PTO-1595 (Rev. 07/05)
OMB No. 0651-0027 (exp. 6/30/2008)

OIPE
MAR 2 8 2007

04-02-2007

DEPARTMENT OF COMMERCE
I States Patent and Trademark Office

103389958

To the Director of the U.S. Patent and Trademark Office: Please record the attached documents or the new address(es) below.

| 1. Name of conveying party(ies) | 2. Name and address of receiving party(ies) |
|---|---|
| Jim Seivert | Name: Mayer Michael Lebowitz |
| | Internal Address: |
| Additional name(s) of conveying party(ies) attached? ☐ Yes ☑ No | Street Address: 5515 Northaven Road |

3. Nature of conveyance/Execution Date(s):

Execution Date(s) 23 February 1998

☑ Assignment
☐ Security Agreement
☐ Joint Research Agreement
☐ Government Interest Assignment
☐ Executive Order 9424, Confirmatory License
☐ Other_____

☐ Merger
☐ Change of Name

City: Dallas

State: Texas

Country: US         Zip: 75229

Additional name(s) & address(es) attached? ☐ Yes ☑ No

4. Application or patent number(s):    ☐ This document is being filed together with a new application.

A. Patent Application No.(s)

B. Patent No.(s)
6075451

Additional numbers attached? ☐ Yes ☑ No

| 5. Name and address to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: one (1) |
|---|---|
| Name: Terry M. Gernstein | 7. Total fee (37 CFR 1.21(h) & 3.41)   $ 40.00 |
| Internal Address: | ☐ Authorized to be charged by credit card |
| | ☐ Authorized to be charged to deposit account |
| Street Address: 1015 Salt Meadow Lane | ☑ Enclosed |
| | ☐ None required (government interest not affecting title) |
| City: McLean | 8. Payment Information |
| State: VA         Zip: 22101 | a. Credit Card   Last 4 Numbers _____ |
| | Expiration Date _____ |
| Phone Number: (703) 790-5945 | b. Deposit Account Number _____ |
| Fax Number: (703) 790-0562 | Authorized User Name _____ |
| Email Address: terrygernstein@aol.com | |

9. Signature:

03/30/2007 DBYRNE   00000051 6075451    /Terry M. Gernstein/         23 March 2007
                                         Signature                    Date
01 FC:8021          40.00 OP
                    Terry M. Gernstein            Total number of pages including cover    3
                    Name of Person Signing        sheet, attachments, and documents:

Documents to be recorded (including cover sheet) should be faxed to (571) 273-6540, or mailed to:
Mail Stop Assignment Recordation Services, Director of the USPTO, P.O.Box 1450, Alexandria, V.A. 22313-1450

PATENT
REEL: 019116 FRAME: 0320

TELP000360

## ASSIGNMENT

FOR VALUE RECEIVED, I, Jim Seivert,

hereby sell, assign and transfer unto Mike Lebowitz,

as assignee, and its successors, assigns and legal representatives, the entire right, title and interest, for all countries in and to certain inventions relating to

### A UNIVERSAL MICROPROCESSOR/INTERFACE

described in an application for Letters Patent of the United States, executed by me on the      day of      , 19   , and all the rights and privileges under any and all Letter Patent that may be granted therefor.

I request that any and all patents for said inventions be issued to said assignee, its successors, assigns and legal representatives, or to such nominees as it may designate.

I agree that, when requested, I will, without charge to said assignee but at its expense, sign all papers, take all rightful oaths, and to all acts which may be necessary, desirable or convenient for securing and maintaining patents for said inventions in any and all countries and for vesting title thereto in said assignee, it successors, assigns and legal representatives or nominees.

I authorize and empower the said assignee, its successors, assigns and legal representatives or nominees, to invoke and claim for any application for patent or other form of protection for said inventions filed by it or them, the benefit of the right of priority provided by the International Convention for the Protection of Industrial Property, as amended, or by any convention which may henceforth be substituted for it, and to invoke and claim such right of priority without further written or oral authorization from me.

I hereby consent that a copy of this assignment shall be deemed a full legal and formal equivalent of any assignment, consent to file or like document which may be required in any country for any purpose and more particularly in proof of the right of the said assignee or nominee to claim the aforesaid benefit of the right of priority provided by the International Convention for the Protection of Industrial Property, as amended, or by any convention which may henceforth be substituted for it.

I covenant with said assignee, its successors, assigns and legal representatives, that the rights and property herein conveyed are free and clear of any encumbrance, and that I have full right to convey the same as herein expressed.

RECORDED: 03/28/2007

PATENT
REEL: 019116 FRAME: 0321

TELP000361

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOBI GELLMAN, AS TRUSTEE OF THE MAYER MICHAEL LEBOWITZ TRUST | § § § | |
| Plaintiff, | § § | Civil Action No. 2:07-cv-00282-TJW |
| v. | § § | |
| ADT SECURITY SERVICES, INC., DIEBOLD, INCORPORATED, DIGITAL SECURITY CONTROLS, INC., EUROPLEX TECHNOLOGIES (USA) INC., NAPCO SECURITY SYSTEMS, INC., PROTECTION ONE, INC., TELULAR CORPORATION, AND NUMEREX CORP. | § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFF TOBI GELLMAN'S OBJECTIONS AND RESPONSES TO DEFENDANTS' 1ST SET OF COMMON INTERROGATORIES (1 TO 9)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Tobi Gellman, as Trustee of the Mayer Michael Lebowitz Trust ("Gellman") responds to Defendants Telular Corporation, ADT Security Services, Inc., Napco Security Systems, Inc. and Visonic, Inc. ("Defendants") First Set of Common Interrogatories as follows:

### GENERAL OBJECTIONS

Gellman objects to each and all of the Interrogatories as follows:

Gellman objects to each and every interrogatory to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.

Gellman objects to each and every interrogatory to the extent it seeks information protected from discovery by the attorney/client, attorney work product privilege, or any other applicable privilege, law or rule ("privileged information"). Gellman will not disclose privileged

information in response to any interrogatory, including by production of documents.  Any answer or production of documents should be understood to exclude privileged information. Gellman specifically reserves the right to demand the return of any documents or information from Defendants or any other party that inadvertently may be disclosed in response to any interrogatory if Gellman determines, in her sole discretion, that such documents or information may constitute or contain privileged information.

Gellman objects to each and every interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Gellman objects to each and every interrogatory to the extent it seeks to impose an obligation on Gellman different from or greater than that required by the Federal Rules of Civil Procedure, Local Rules of the Eastern District of Texas, the Court's Patent Rules, or the Docket Control Order entered in this case.

Gellman objects to each and every interrogatory to the extent it calls for information not readily available to Gellman or that would be just as easy for Defendants to determine for itself from documentary evidence. Gellman will respond to such interrogatories to the extent and in the manner required by Rule 33(d) of the Federal Rules of Civil Procedure.

Gellman objects to each and every interrogatory to the extent it fails to specify a reasonable time period for which information is sought.

Gellman objects to each and every interrogatory to the extent that it purports to require the disclosure of information that is not within the possession, custody, or control of Gellman; Gellman cannot reasonably respond to such interrogatories, and therefore objects to them as unreasonable and unduly burdensome. Gellman further objects to the extent the interrogatories would require her to produce or disclose information that is publicly available or that is as readily identifiable and accessible to Defendants as it is to Gellman.

2

Gellman objects to each and every interrogatory to the extent that it is cumulative and/or duplicative.

Gellman objects to each and every interrogatory to the extent it is compound, and/or contains multiple sub-parts within the meaning of Rule 33(a) of the Federal Rules of Civil Procedure.

Gellman objects to each and every interrogatory to the extent that it assumes facts not in evidence.

Gellman objects to each and every interrogatory to the extent that it calls for purely legal conclusions.

Gellman objects to each and every interrogatory to the extent that it calls for identification in advance of the completion of discovery of all facts supporting Gellman's contentions. Gellman will respond to premature contention interrogatories on the basis of Gellman's current knowledge.

These general objections apply to each of Defendants' interrogatories and are incorporated by reference into each of the responses set forth below, which are made without waiver of, and are subject to, these General Objections. In making these objections, Gellman does not in any way waive or intend to waive, but rather intends to preserve and is preserving, should it become appropriate: (a) all objections as to competency, relevancy, materiality, and admissibility of any information or documents that may be provided in response to each and every interrogatory, or the subject matter thereof; (b) all rights to object on any ground to the use of any of the information or documents that may be provided in response to each and every interrogatory, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and (c) all rights to object on any ground to any request for further responses to this or any other discovery request. No incidental or implied admissions are

3

intended by the responses herein. The fact that Gellman has answered or objected to any interrogatory should not be taken as an admission that Gellman accepts the existence of any facts or assumptions set forth or assumed by said interrogatory.

Discovery in this case is on-going and Gellman expects that additional facts and documents may be discovered that are relevant to its answers to Defendants' interrogatories. Therefore, Gellman reserves the right to amend and/or update these answers as new or additional information is discovered.

Gellman is willing and prepared to discuss definitions of vague, ambiguous, or otherwise objectionable terms, as well as the appropriate discoverable scope of each interrogatory in light of the objections contained and incorporated herein.

INTERROGATORIES

Common Interrogatory No. 1:

For each asserted claim of the '451 patent, explain how Plaintiff intends to prove the invention date of the claimed subject matter. This explanation should include an identification of the invention date that the Plaintiff intends to prove at trial and, if the invention date is other than the filing date, an identification of the conception and reduction to practice dates for the claimed subject matter, and a description of all documents or testimony upon which plaintiff intends to rely to establish the conception, reduction to practice, and diligence in reducing the claimed subject matter to practice.

Response:

Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately toward the total number of interrogatories allowed Defendants under the Court's scheduling order.  Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine.  Gellman will also produce documents responsive to this interrogatory pursuant to Federal Rule 33(d) and in accordance with the Court's Discovery Order. Subject to these objections and the General Objections set forth above, Plaintiff responds as follows:

The conception date is at least as early as the filing date of the '451 patent, July 15, 1996. Gellman may rely on documents with Bates numbers GELLMAN0000099-0000206 to establish an earlier invention date. Additional information responsive to this interrogatory may be found in additional documents produced in this litigation.

Common Interrogatory No. 2:

For each asserted claim of the '451 patent, identify the date and circumstances surrounding the public disclosures of any product embodying any claimed invention of the '451 patent by Plaintiff or any other entity, including but not limited to, the first experimental use, the first sale or offer for sale in the United States, the first commercial use, and/or the first printed publication distributed to any person, which described, advertised or offered for sale any product embodying any claimed invention of the '451 patent.

Response:

Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately toward the total number of interrogatories allowed Defendants under the Court's scheduling order.  Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine. Subject to these objections and the General Objections set forth above, Plaintiff responds as follows:

The first public disclosure may have been to Bell Atlantic in 1996 or at the ISC East trade show in 1996. Otherwise, Gellman has no knowledge of the above requested facts other than the information contained in documents produced in this litigation.

Common Interrogatory No. 3:

Identify all licenses and licensees of the '451 Patent and any royalty or other compensation paid or owed by any licensee of the '451 patent.

Response:

Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately toward the total number of interrogatories allowed Defendants under the Court's scheduling order. Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine. Gellman will also produce documents responsive to this interrogatory pursuant to Federal Rule 33(d) and in accordance with the Court's Discovery Order. Subject to these objections and the General Objections set forth above, Plaintiff responds as follows:

Licenses with Honeywell International, Inc., Numerex Corp., and Alarm.com, Inc. have been produced as Bates numbers GELLMAN0002594-0002626.

Common Interrogatory No. 4:

State the factual basis for your contention that you have been damaged by the Defendants' alleged infringement, including in your answer the amount of such damage by each Defendant, the method of calculation, and the extent to which your damages theory and amount is based on lost profits, price erosion and/or a reasonable royalty. Please include in your answer the identity by production number of each document or thing, and the identity of each witness, on which or whom you rely in support of your answer.

Response:

Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately toward the total number of interrogatories allowed Defendants under the Court's scheduling order. Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine. Gellman also objects to this interrogatory as premature to the extent it calls for expert discovery. Gellman will produce information related to experts in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. Gellman further objects to this interrogatory as premature at this stage of discovery because Gellman has not yet received all documents from Defendants relating to the use and sale of the accused products.

Subject to and without waiving the foregoing general and specific objections, Gellman responds as follows: Gellman seeks damages adequate to compensate for Defendants'

infringement, which in no event shall be less than a reasonable royalty based on Defendants' use, sale or offer for sale of infringing products from July 2001 to the present, as well as interest and costs as fixed by the court.

Common Interrogatory No. 5:

Identify all documents which evidence the ownership of the '451 patent, including but not limited to documents sufficient to show the chain of title from the original inventors to Tobi Gellman and any assignment or license of any of his rights or interest with respect to the '451 patent by James Sievert (or Seivert), the named co-inventor of the '451 patent, or which bears his signature.

Response:

Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine. Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately toward the total number of interrogatories allowed Defendants under the Court's scheduling order.

Subject to and without waiving the foregoing general and specific objections, documents responsive to this request include those produced with Bates numbers GELLMAN0000207-0000218. Additional information responsive to this interrogatory may be found in additional documents produced in this litigation.

Common Interrogatory No. 6:

Describe the circumstances when you first formed a belief that Defendants infringe the '451 patent and all reasons why you failed to commence these proceedings prior to July 2007 with respect to defendants ADT, Telular and Napco, and April 2009 with respect to Visonic. A complete answer will include, separately for each of Defendants' products you accuse of infringement, the date when you first formed a belief as to such alleged infringement, the facts learned by you that formed the basis for that belief, the identity of the persons who learned these facts, all reasons for your delay in bringing suit, and what circumstances or facts, if any, changed or became known between the dates when you first formed your belief as to the alleged infringement and the date on which you filed suit against the defendants.

Response:

Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine. Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately toward the total number of interrogatories allowed Defendants under the Court's scheduling order.

Subject to and without waiving the foregoing general and specific objections, Gellman responds as follows: Gellman engaged counsel in 2006 and, through advice of counsel, formed a belief that Defendants ADT Security Services Inc., Telular Corporation and Napco Security Systems, Inc. were infringing the '451 patent in the months before the present suit was filed. In the months preceding the filing of Gellman's First Amended Complaint, Gellman formed a belief, through advice of counsel, that Defendant Visonic, Inc. was infringing the '451 patent.

Common Interrogatory No. 7:

Describe the circumstances of any pre-suit investigation conducted by Plaintiff, including but not limited to your comparison, prior to the allegations of infringement against each Defendant, of the asserted claims of the '451 patent against the accused products. A complete answer will include, separately for each accused product and each asserted claim, the circumstances of: the date of any such analysis, any attempts to acquire product samples, any attempts to reverse engineer any product samples, any attempts to acquire technical specifications from the Defendants, and/or any independent or sponsored infringement analyses either by counsel or otherwise. Please include in your answer the identity by production number of each document or thing, and the identity of each witness, on which or whom you rely in support of your answer.

Response:

Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine. Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately toward the total number of interrogatories allowed Defendants under the Court's scheduling order.

Subject to and without waiving the foregoing general and specific objections, Gellman responds as follows: Gellman reviewed publicly available information, including information available on the Defendants' websites, and relied on the advice of counsel to determine that the Defendants were infringing the '451 patent.

Common Interrogatory No. 8:

Describe any prior art searches related to the '451 patent conducted by you or on your behalf. Such description should include an identification of the person(s) that conducted the search and all prior art identified as a result of such search.

Response:

Gellman objects to this interrogatory to the extent that it seeks information protected by the attorney client privilege and the attorney work product doctrine. Gellman objects to this interrogatory as compound to the extent it contains discrete subparts that should count separately

toward the total number of interrogatories allowed Defendants under the Court's scheduling order.

Subject to and without waiving the foregoing general and specific objections, Gellman responds as follows:  Gellman is not aware that any prior art searches were performed.

Common Interrogatory No. 9:

Identify each person having knowledge or information concerning Plaintiff's infringement claims, the facts contained in the answer to each of the foregoing Interrogatories, the concurrently served Request for Production of Document, or any other discoverable issue in this action, including without limitation each person Plaintiff expects to call as a fact witness in this action.

Response:

Subject to and without waiving the foregoing general and specific objections, Gellman responds as follows:  Gellman is the trustee of the Mayer Michael Lebowitz Trust and may have limited information related to the conception and reduction to practice of the inventions described and claimed in the '451 patent.  Mr. Terry Gernstein may have information related to the prosecution of the '451 patent.

9

Respectfully submitted,

Date:  March 22, 2010

/s/ Edward W. Goldstein
Edward W. Goldstein
Texas Bar No. 08099500
Corby R. Vowell
Texas Bar No. 24031621
**GOLDSTEIN, FAUCETT & PREBEG, LLP**
1177 West Loop South, Suite 400
Houston, TX 77027
Tel:  713- 877-1515
Fax:  713- 877-1145
Email: egoldstein@gfpiplaw.com
Email: cvowell@gfpiplaw.com

Melissa R. Smith
**Gilliam & Smith, LLP**
303 South Washington Avenue
Marshall, TX  75670
Tel:  903-934-8450
Fax:  903-934-9257
Email: Melissa@gillamsmithlaw.com

*ATTORNEYS FOR PLAINTIFF*

10

## CERTIFICATE OF SERVICE

    I hereby certify that on Monday, March 22, 2010, the foregoing document(s) was served upon counsel of record named below Via Electronic Mail.

*Counsel for ADT Security Services, Inc. and Telular Corporation:*

| | |
|---|---|
| Jennifer H. Doan<br>Morgan D. Vaughan<br>Haltom and Doan<br>6500 Summerhill Road<br>Crown Executive Center, Suite 100<br>PO Box 6227<br>Texarkana, TX 75505<br>Tel: 903-255-1000<br>Fax: 903-255-0800<br>E: jdoan@haltomdoan.com<br>E: mvaughan@haltomdoan.com | James P. Hanrath<br>Marvin Benn<br>Steven P. Blonder<br>Much Shelist<br>191 N. Wacker Drive<br>Suite 1800<br>Chicago, IL 60606-1625<br>Tel: 312-521-2000<br>Fax: 312-521-2200<br>E: Jhanrath@muchshelist.com<br>E: Mbenn@muchshelist.com<br>E: sblonder@muchshelist.com |
| Charles S. Marion<br>M. Kelly Tillery<br>**Pepper Hamilton LLP**<br>3000 Two Logan Square<br>Philadelphia, PA 19103-2799<br>Tel: 215-981-4000<br>Fax: 215-981-4750<br>E: marionc@pepperlaw.com<br>E: tilleryk@pepperlaw.com | Alexandra C. Fennell<br>**Pepper Hamilton LLP**<br>Oliver Street Tower<br>125 High Street, 15th Floor<br>Boston, MA 02110-2736<br>Tel: 617-204-5158<br>Fax: 617-204-5150<br>E: fennella@pepperlaw.com |
| Otis Carroll<br>Collin Maloney<br>James P. Kelley<br>**Ireland, Carroll & Kelley, PC**<br>6101 S. Broadway, Suite 500<br>Tyler, TX 75703<br>Tel: 903-561-1600<br>Fax: 903-581-1071<br>Fedserv@icklaw.com | |

*Counsel for Napco Security Systems:*

| | |
|---|---|
| Carol R. Roth<br>Amanda Abraham<br>Brendan Roth<br>**The Roth Law Firm**<br>P.O. Box 876<br>115 North Wellington, Suite 200<br>Marshall, TX 75670 | John R. Mugno<br>Attorney at Law<br>350 Broadway<br>10th Floor<br>New York, NY 10013<br>Tel: 212-925-3474<br>Fax: 212-925-3665 |

| Tel; 903-935-1665<br>Fax: 903-935-1797<br>Email: cr@rothfirm.com<br>Email: aa@rothfirm.com<br>Email: br@rothfirm.com | E : johnmugno@aol.com |
|---|---|

*Counsel for Visonic, Inc.:*

| Benjamin T. Horton<br>Julianne Hartzell<br>Thomas I. Ross<br>**Marshall Gerstein & Borun**<br>233 S. Wacker Dr.<br>6300 Sears Tower<br>Chicago, IL  60606-6357<br>Tel:  312-474-6300<br>Fax:  312-474-0448<br>E:  bhorton@marshallip.com<br>E:  jhartzell@marshallip.com<br>E:  tross@marshallip.com | Wesley Hill<br>**Ward & Smith Law Firm**<br>P.O. Box 1231<br>Longview, TX  75606-1231<br>Tel:  903-757-6400<br>903-757-2323<br>E:  wh@jwfirm.com |
|---|---|

/s/ Edward W. Goldstein
Edward W. Goldstein

## VERIFICATION

I, Tobi Gellman, Trustee of the Mayer Michael Lebowitz Trust, declare:

1.     I am a plaintiff in the above captioned matter.

2.     I have read the foregoing **PLAINTIFF TOBI GELLMAN'S OBJECTIONS AND RESPONSES TO DEFENDANTS 1ST SET OF COMMON INTERROGATORIES (1 TO 9)** and the responses set forth therein are true to the best of my knowledge, information and belief at this time.  As to those matters for which I have no personal knowledge, I have relied on counsel to formulate these Responses and, to the best of my knowledge, information and belief, assert the same to be true and correct as of this time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This verification is executed this *2nd* day of March 2010, at *Dallas*, *Texas*.

_____
Tobi Gellman, Trustee
Mayer Michael Lebowitz Trust

# EXHIBIT 4

<u>ASSIGNMENT</u>

FOR VALUE RECEIVED, I, Jim Seivert,

hereby sell, assign and transfer unto Mike Lebowitz,

as assignee, and its successors, assigns and legal
representatives, the entire right, title and interest, for all
countries in and to certain inventions relating to

A UNIVERSAL MICROPROCESSOR/INTERFACE

described in an application for Letters Patent of the United
States, executed by me on the    day of    , 19  , and all the
rights and privileges under any and all Letter Patent that may be
granted therefor.

I request that any and all patents for said inventions be
issued to said assignee, its successors, assigns and legal
representatives, or to such nominees as it may designate.

I agree that, when requested, I will, without charge to said
assignee but at its expense, sign all papers, take all rightful
oaths, and to all acts which may be necessary, desirable or
convenient for securing and maintaining patents for said
inventions in any and all countries and for vesting title thereto
in said assignee, it successors, assigns and legal
representatives or nominees.

I authorize and empower the said assignee, its successors,
assigns and legal representatives or nominees, to invoke and
claim for any application for patent or other form of protection
for said inventions filed by it or them, the benefit of the right
of priority provided by the International Convention for the
Protection of Industrial Property, as amended, or by any
convention which may henceforth be substituted for it, and to
invoke and claim such right of priority without further written
or oral authorization from me.

I hereby consent that a copy of this assignment shall be
deemed a full legal and formal equivalent of any assignment,
consent to file or like document which may be required in any
country for any purpose and more particularly in proof of the
right of the said assignee or nominee to claim the aforesaid
benefit of the right of priority provided by the International
Convention for the Protection of Industrial Property, as amended,
or by any convention which may henceforth be substituted for it.

I covenant with said assignee, its successors, assigns and
legal representatives, that the rights and property herein
conveyed are free and clear of any encumbrance, and that I have
full right to convey the same as herein expressed.

Signed at

this 23rd. day of Feb. , 19 98.

Witness:

Dated:

Jim Seivert
Inventor

GELLMAN00000211

# EXHIBIT 5

THE STATE OF TEXAS                    PROBATE COURT                    COUNTY OF DALLAS                    NO.3

# LETTERS TESTAMENTARY

### CAUSE NO. 10-1087-P3

I, *JOHN F. WARREN*, *County Clerk and Clerk of the County and Probate Courts, in and for said*

*County, do hereby certify that on the 12TH day of APRIL, 2010 ,*

### ELIZABETH GANTER

*was appointed Independent Executor, without bond, of the Will and Estate of :*

### JOHN JAMES SEIVERT, Deceased,

*and that said appointee is fully and legally authorized and empowered to act as the*

*Independent Executor, without bond, of the Will and of the above named estate*

*having qualified by filing the oath on the 12TH day of APRIL , 2010*

*I further certify that said appointment is still in full force and effect.*

*WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE, THIS Day 12 of April, 2010.*

*JOHN F. WARREN, County Clerk*
*Dallas County, Texas*

*By: Brittany Pierce, Deputy*

*LETTERS_TESTAMENTARY/REV10/99*

TELP002003

# THE
# LAST WILL AND TESTAMENT
# OF

## John Seivert

I, John Seivert, a resident of the State of Texas, County of Kaufman, and City of Terrell; and being of sound mind, do hereby make, publish and declare this to be my Last Will and Testament, thereby, revoking and making null and void any and all other Last Wills and Testaments and/or Codicils to Last Wills and Testaments heretofore made by me. All references herein to this Will shall be construed as referring to this Last Will and Testament only.

### FAMILY CLAUSE

At the time of executing this Last Will and Testament, I am unmarried. The names of my children are listed below. If I do not leave any property to any of my children, my failure to do so is intentional.

Elizabeth Ganter
Lynnea Hall
Susan Armanouvs

### RESIDENCY CLAUSE

Having in mind the possibility that I may temporarily reside outside of, or simply be absent from the State of Texas, County of Kaufman, and City of Terrell, at the time of my death, I elect and hereby declare that this Will and each and every disposition and provision contained herein shall be construed and regulated by and in accordance with the laws of said State of Texas. It is my desire that this Will be probated in the State of Texas, my place of domicile, and that the principal administration of my Estate be made in said State of Texas and that none of the assets of my Estate which may be found in my place of domicile, be remitted to any other jurisdiction for administration or distribution.

Page 1 of my Last Will and Testament

_____
(Signature)

## DEBT CLAUSE

I direct that the executor named pursuant to this Last Will and Testament review (as soon after my death as practical) all of my just debts and obligations, including funeral expenses and the expenses incident to my last illness; excepting those long term debts secured by real or personal property which may be assumed by the Heir of such property, unless such assumption is prohibited by law or upon agreement by the Heir.  The executor shall pay these just debts only after the creditor provides sufficient evidence to support their claim.

My executor shall pay out of my gross Estate, as if they were my debts, and without proration or appointment, all estate and inheritance taxes, by whatever name called; (including any interest due thereon) becoming payable because of my death in respect to all property comprising my gross Estate for death tax purposes, whether or not such property passes under this Last Will and Testament.

I further direct that if any Heir or Heirs named in this Last Will and Testament should be indebted to me at the time of my death, and evidence of such indebtedness is provided or made available to the Executor of my Estate, then that share of my Estate which I give, devise, and bequeath to any and each such Heir shall be reduced in value by an amount equal to the proven indebtedness of such Heir or Heirs, unless I have specifically provided in this Last Will and Testament for the forbearance of such debt, or unless such Heir is the sole Principal Heir.

## COMMON DISASTER CLAUSE

In the event any Principal Heir and I shall both die in, or as a result of, a common accident or disaster, or under such circumstances that the order of our deaths cannot be established by proof, then I direct that for purposes of this Last Will and Testament, such Principal Heir shall be deemed to have predeceased me.

In the event that any Heir (other than a Principal Heir) under this my Last Will and Testament and I shall both die in or as a result of a common accident or disaster or under such circumstances that the order of our deaths cannot be established with proof, then I direct that for the purposes of this Last Will and Testament such Heir shall be deemed to have predeceased me.

Page 2 of my Last Will and Testament



(Signature)

TELP002005

### PRINCIPAL DISTRIBUTION CLAUSE

I give, devise, and bequeath to the persons named below (my "Principal Heirs"), if he or she, whichever the case may be, shall survive me, all of the residue and remainder of my gross Estate after payment of all my just debts, expenses, taxes, administration and specific bequests, if any, in the percentages set forth below.

1.   Name: Elizabeth Ganter
Relation: Daughter
Percentage: 100%

In case such Principal Heir does not survive me, I direct that the share of my estate which would have been given to such Principal Heir shall be distributed to: Lynnea Hall.

### EXECUTOR APPOINTMENT CLAUSE

(A)   I nominate, constitute and appoint my daughter, Elizabeth Ganter, to be the Executor of my Estate.

(B)   If, for any reason, my first nominee Executor should fail to qualify or be unable or unwilling to accept or to continue as the Executor of my Estate, I nominate, constitute and appoint my daughter, Lynnea Hall, to be the Executor of my Estate.

(C)   If for any reason, all of the nominees designated above in Paragraphs (A) and (B) should fail to qualify or be unable or unwilling to accept or to continue as Executor of my Estate, I nominate, constitute and appoint my daughter, Susan Armanouvs, to be the Executor of my Estate.

### EXECUTOR POWER OF APPOINTMENT CLAUSE

(A)   All directives in this Will that use by reference the word Executor mean and include any person named herein as my Executor (or personal representative, as may be defined under state law) and any person who may be acting in either capacity, at any time.  Such person shall have broad and reasonable discretion under the directives of this my Last Will and Testament with respect to any property, real or personal, left by or held by me, or acquired by my Executor on behalf of my Estate.

Page 3 of my Last Will and Testament

(Signature)

TELP002006

(B)    I wish my Executor to have broad and reasonable discretion in the administration of my Estate, to have all of the powers permitted to be exercised by an Executor under state law, and to be able to do everything he or she deems advisable for the best interest of my Estate and the Heirs thereof, all without the necessity of court approval or supervision.  I direct that my Executor perform all acts, take all such proceedings, and exercise all such rights and privileges, although not specifically mentioned in this Will, with relation to any such property, as if the absolute owner thereof; and in connection therewith, to make, execute and deliver any instruments, and to enter into any covenants or agreements binding my Estate or any portion thereof.

(C)    No such person named in, or appointed in connection with this Will in a fiduciary capacity shall be required to file any bond or other security for the faithful performance of his or her duties as such fiduciary in any jurisdiction; and if, despite this directive, a bond should be required, I request that it be accepted without sureties and in a nominal amount.

(D)    My Executor need take no action in the county court in relation to the settlement of my Estate other than the probating and recording of this Last Will and Testament and the return of an inventory, appraisement, and list of claims of my Estate.  It is my intention that my Executor qualify as an "Independent Executor" under Texas law.

## NON-LIABILITY OF FIDUCIARIES

Any fiduciary, including my Executor and any trustee, who in good faith endeavor to carry out the provisions of this Last Will and Testament, shall not be liable to me, my Estate, or my heirs, for any damages or claims arising because of their actions or inactions based on this Last Will and Testament.  My Estate shall indemnify and hold them harmless.

Page 4 of my Last Will and Testament        (Signature)

TELP002007

## SAVING CLAUSE

If a court of competent jurisdiction shall at any time invalidate or find unenforceable any provision of this Will, such invalidation shall not be construed as invalidating the whole of this Will. All of the remaining provisions shall be undisturbed as to their legal force and effect. If a court finds that an invalidated or unenforceable provision would become valid if it is limited, then such provision shall be deemed to be written, deemed, construed and enforced as so limited.

Page 5 of my Last Will and Testament

(Signature)

**IN WITNESS WHEREOF,** I, the undersigned Testator, declare that I sign and execute this instrument on the date written below as my Last Will and Testament and further declare that I sign it willingly, that I execute it as my free and voluntary act for the purposes expressed in this document and that I am eighteen years of age or older, of sound mind and under no constraint or undue influence.

(Signature of John Seivert)

SSN: 472 3 8 7570

Date: 3/3/08

Page 6 of my Last Will and Testament



(Signature)

TELP002009

## ATTESTATION CLAUSE

This Last Will and Testament, which has been separately signed by John Seivert, the Testator, was signed, executed and declared by the above named Testator as his or her Last Will and Testament in the presence of each of us. We, in the presence of the Testator and each other, under penalty of perjury, hereby subscribe our names as witnesses to the declaration and execution of the Last Will and Testament by the Testator, and we declare that, to the best of our knowledge, said Testator is eighteen years of age or older, of sound mind and under no constraint or undue influence.

1. _____
   (Signature of witness)

   Date: 3-3-08

   _____
   PAUL DOSSON
   (Print Name)

   Po Box 794
   (Address)

   Venus, Tx, 76084
   (City, State, ZIP)

2. _____
   (Signature of witness)

   Date: 3-3-08

   _____
   Ronald Young
   (Print Name)

   31 Deer Island
   (Address)

   Mabank TX 75156
   (City, State, ZIP)

3. _____
   (Signature of witness)

   Date: 3-3-08

   _____
   Jerry W. Rowan
   (Print Name)

   6408 Tranquility Court
   (Address)

   Arlington, TX 76016
   (City, State, ZIP)

Page 7 of my Last Will and Testament

_____
(Signature)

TELP002010

## SELF-PROVING AFFIDAVIT

The State of Texas
County of Kaufman

     Before me, the undersigned authority, on this day personally appeared John Seivert, known to me to be the Testator, and _Paul Dodson_ _Ron Young_ and _Wayne Rowan_ , known to me to be the witnesses, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said Testator declared to me and to the said witnesses in my presence that said instrument is my Last Will and Testament, and that said Testator had willingly made and executed it as his or her free act and deed; and the said witnesses, each on his or her oath stated to me, in the presence and hearing of the said Testator, that the said Testator had declared to them that said instrument is the Testator's Last Will and Testament, and that the Testator executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testator and at the Testator's request; that the Testator was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.


_____
(Signature of John Seivert, as Testator)

_____          _Paul Dodson_____
(Signature of witness)                        (Print Name)

_____          _Ronald Young_____
(Signature of witness)                        (Print Name)

_____          _Jerry W. Rowan_____
(Signature of witness)                        (Print Name)


<u>Acknowledgement of Notary Public</u>:

Subscribed, sworn and acknowledged to me on this _3rd_ day of _March_ , 20_07_, by John Seivert, as Testator, and _Paul Dodson_____ _Ron Young_____ and _Wayne Rowan_____ , as witnesses.

Witness my hand and seal.

Signature: _Patricia A. Beabham_____

TELP002011

NO. PR-10-1087-3

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| JOHN JAMES SEIVERT, | § | NUMBER 3 OF |
| | § | |
| DECEASED | § | DALLAS COUNTY, TEXAS |

## ORDER PROBATING WILL AND
## AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application filed herein by Elizabeth Ganter on March 25, 2010, for the probate of the Will of John James Seivert, hereinafter called Decedent, and for the issuance of Letters Testamentary.

The Court, after having heard and considered the evidence, finds that legal notices of the filing of said Application have been issued and posted in the manner and for the length of time required by law, and no one came to contest same; and it further appearing that said Will was executed on March 3, 2008, with the formalities and solemnities and under the circumstances required by law to make it a valid Will, was self-proved according to law during the lifetime of said Decedent; that such Will has not been revoked by Decedent; that Decedent died at Carrollton, Dallas County, Texas on August 26, 2009; that this Court has jurisdiction and venue over the estate because Decedent was domiciled in Texas and had a fixed place of residence in Dallas County, Texas at the time of her death; that four years have not elapsed since the death of Decedent or prior to the said Application; that a necessity exists for the administration of this estate, specifically the decedent owns stocks, bonds and other securities as well as real estate; that no state, governmental agency of the state, nor charitable organization is named by the Will as a devisee; that Decedent's Will named Elizabeth Ganter to serve as Independent Executor to act independently without bond or other security, and the said Elizabeth Ganter is not

ORDER PROBATING WILL                                              PAGE 1

disqualified by law from serving as such or from accepting Letters Testamentary, and is entitled to such letters.

**IT IS THEREFORE ORDERED AND DECREED** by the Court that said Will is hereby proved and established and admitted to probate and recorded as the LAST WILL AND TESTAMENT of said John James Seivert, Deceased, and that Elizabeth Ganter be, and is hereby appointed Independent Executor of said Will and Estate without bond.

**IT IS FURTHER ORDERED** by the Court that Letters Testamentary upon the Will and Estate of John James Seivert, Deceased, be and the same are hereby granted, that the Clerk shall issue said Letters Testamentary to Elizabeth Ganter, as Independent Executor, when qualified according to law, and that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law and the notice to beneficiaries required by Section 128A of the Texas Probate Code.

**SIGNED** this ___12th___ day of April, 2010.

_____
**JUDGE PRESIDING**

ORDER PROBATING WILL                                        PAGE 2

# EXHIBIT 6

PTO-*03X
(Rev. 8-95)

FILING RECEIPT



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 09/087,512 | 05/28/98 | 2743 | $488.00 | | 9 | 21 | 5 |

TERRY M. GERNSTEIN
1015 SALT MEADOW LANE
MCLEAN VA 22101

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

Applicant(s)

MIKE LEBOWITZ, DALLAS, TX; JIM SEIVERT, GARLAND, TX.


FOREIGN FILING LICENSE GRANTED 06/12/98          * SMALL ENTITY *
TITLE
UNIVERSAL MICROPROCESSOR/INTERFACE

PRELIMINARY CLASS: 379

(see reverse)

GELLMAN00001049

# GROUP EXHIBIT 7

# "RESTRICTED – ATTORNEYS' EYES ONLY"

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 8

7769/11

PATENTS

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Lebowitz, *et al.* |
| Serial No.: | 08/680,394 |
| Filing Date: | July 15, 1996 |
| For: | **RF CELLULAR TECHNOLOGY NETWORK TRANSMISSION SYSTEM FOR REMOTE MONITORING EQUIPMENT** |

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

## RESPONSE

The following amendments and remarks are offered in response to the Office Action dated October 9, 1998.  Included herewith on a separate form in duplicate is a re request for a two month extension of time under Rule 136(a) to respond to that Action.  Please amend the above-referenced application as follows:

**In the Claims**

Please amend Claims 1, 7 and 11 as follows:

1.  (Amended) An apparatus for monitoring RF cellular format data received from a cellular network, comprising:

first means for interfacing the apparatus to the cellular network;

1

TELP000307

means for translating the RF cellular format data from the cellular network into alarm format data, said means for translating programmable to translate to and from [a variety of alarm data formats] a format selected from the group consisting of ARDIS, RAM DATA and CELEMATRY and a plurality of RF cellular formats; and

second means for interfacing the apparatus to a monitoring station receiver.

7.   (Amended) An apparatus for use with an alarm monitoring system at a subscriber location:

first means for interfacing the apparatus to the alarm monitoring system;

means for translating alarm format data received by the alarm monitoring system into cellular RF format data, said means for translating programmable to translate to and from a [plurality of alarm data formats] a format selected from the group consisting of ARDIS, RAM DATA and CELEMATRY and cellular RF in a plurality of data formats [data]; and

second means for interfacing the apparatus to a cellular network.

11.   (Amended) An apparatus for use with an alarm monitoring system, comprising:

a processing means responsive to received data for translating between an alarm data format [data] selected from the group consisting of ARDIS, RAM DATA and CELEMATRY and a plurality of cellular RF data formats [data], said processing means programmable to translate a plurality of alarm formats and cellular RF formats; and

means for interfacing the processing means to the alarm monitoring system.

Please add new Claims 13 through 23 as follows:

2

TELP000308

13.     For use in a telecommunications network: a universal interface for receiving alarm

signals from any of a plurality of different event reporting devices and communicating said

received signals to a remote location via any of a plurality of different data package technologies.

14.     The interface defined in Claim 1 further including means for connecting to a line output

of an alarm system control panel.

15.     The interface defined in Claim 1 further including means for connecting to a data bus of

an alarm system control panel.

16.     The interface defined in Claim 1 wherein the data package technologies include CDPD,

GSM, CDMA and TDMA.

17.     The interface defined in Claim 1 including a motherboard connected to the event

reporting devices and a plurality of daughter boards each connected to the motherboard and each

associated with one of the data packet technologies whereby signals from any of the alarm

reporting devices are transmitted via a selected daughter board in a data packet technology

associated with the selected daughter board.

18.     The interface defined in Claim 1 wherein the alarm signals include voice packets.

3

07769.0011:0203424.01
007769.00011:0420049.01

TELP000309

19.     The interface defined in Claim 1 wherein the alarm signals include freeze frame

television.

20.     The interface defined in Claim 1 wherein the alarm signals include slow scan television.

21.     The interface defined in Claim 5 further including a daughter board connected to said

motherboard for transferring a signal from a data bus to said motherboard.

22.     For use in a telecommunications network: a universal interface for receiving signals from

any of a plurality of different reporting devices and communicating said received signals to a

remote location via any of a plurality of different data package technologies.

23.     For use in a telecommunications network: a universal interface for receiving alarm

signals from any of a plurality of different event reporting devices and communicating said

received signals to a remote location via any of a plurality of different data package technologies

and including a motherboard common to any of the plurality of different event reporting devices

and daughter boards specific to any of said plurality of different data package technologies.

## REMARKS

Claims 1-11 stands rejected under 35 U.S.C. § 102 as anticipated by Wilson, et al., U.S.

Patent No. 5,400,246. The Examiner has indicated that Claim 12 is allowable. Claims 1, 4 and

11 are hereby amended to include limitations to specific transmission formats as claimed in

4

07769.0011:0203424.01
007769.00011:0426049.01

TELP000310

Claim 12.  New Claims 13 through 23 specifically claim devices capable of communicating using a plurality of transmission technologies.  Wilson, et al. only shows the capability of transmitting using a single transmission technology.  Therefore, Claims 1 through 23 are patentably distinct over Wilson, et al.

For the above stated reason, Applicants request a withdrawal of the Examiner's rejection and allowance of Claims 1-23.

Respectfully submitted,

**HUGHES & LUCE, L.L.P.**
Attorneys for Applicant

By:

David H. Judson
Registration No. 30,467

1717 Main Street
Suite 2800
Dallas, Texas  75201
(214) 939-5672

Dated:  March 9, 1999

5

07769.0011:0203424.01
007769.00011:0420049.01

TELP000355

# EXHIBIT 9

**Assignment of Patents**

Whereas, I, Tobi Kay Gellman of Dallas, Texas, am the Independent Executor of the Will and Estate of Mayer Michael Lebowitz, and whereas Mayer Michael Lebowitz was the inventor of five United States Patents, said patents being identified in attached Exhibit "A" incorporated herein by reference, hereinafter referred to as "Patents"; and

Whereas, Mayer Michael Lebowitz had not previously assigned his interest in the said Patents;

Now, therefore, I, as Independent Executor, by these presents do assign and transfer to Tobi Kay Gellman, Trustee of the Mayer Michael Lebowitz Trust, hereinafter referred to as "assignee," whose mailing address is 5515 Northaven Road, Dallas, Texas, the entire right, title and interest in and to the said Patents; the same to be held and enjoyed by the said assignee for its own use and behoof, to the full end of the terms for which said Patents are granted, as fully and entirely as the same would have been held by the Estate of Mayer Michael Lebowitz had this assignment and transfer not been made.

Executed this 20th day of October, 2006.

_Tobi Kay Gellman_

Tobi Kay Gellman, Independent Executor of the Estate of Mayer Michael Lebowitz

State of Texas

County of Dallas                         SS:

Before me personally appeared said _Tobi Kay Gellman_ and acknowledge the foregoing instrument to be her free act and deed this 20 day of _october_, 2006.

Seal

HOMA MONTAZERI
My Commission Expires
September 17, 2008

_____
(Notary Public)

Exhibit A

United States Patent titled CELLULAR NETWORK DATA TRANSMISSION SYSTEM, identified by the Patent Number 5,125,021 with the Date of Patent June 23, 1992

United States Patent titled CELLULAR NETWORK DATA TRANSMISSION SYSTEM, identified by the Patent Number 5,146,486 with the Date of Patent September 8, 1992

United States Patent titled CELLULAR NETWORK DATA TRANSMISSION SYSTEM, identified by the Patent Number 5,327,478 with the Date of Patent July 5, 1994

United States Patent titled CELLULAR DIGITAL PACKET DATA (CDPD) NETWORK TRANSMISSION SYSTEM INCORPORATING CELLULAR LINK INTEGRITY MONITORING, identified by the Patent Number 5,454,024 with the Date of Patent September 26, 1995

United States Patent titled RF CELLULAR TECHNOLOGY NETWORK TRANSMISSION SYSTEM FOR REMOTE MONITORING EQUIPMENT, identified by the Patent Number 6,075,451, with the Date of Patent June 13, 2000

GELLMAN00000208

<u>Assignment of Patents</u>

Whereas, I, Tobi Kay Gellman of Dallas. Texas, am the Sole and Independent Executor of the Will and Estate of Mayer Michael Lebowitz, and whereas Mayer Michael Lebowitz was an inventor and the sole owner of U.S. Patent Nos. 5,454,024; 5,327,478; 5,125,021; 5,146,486; 6,075,451, said patents having been previously assigned by instrument dated October 20, 2006, (collectively "Previously Assigned Patents"), and U.S. Patent No. 4,825,457 ("the '457 Patent").

Whereas, the Sole and Independent Executor desires to assign the '457 Patent and any further divisionals, continuations, requests for continued examination, continuations-in-part, reissues, reexaminations, as well as all foreign counterpart patents and foreign counterpart applications of the '457 Patent and of the Previously Assigned Patents (collectively "Additional Patents").

Now, therefore, I, as the Sole and Independent Executor, by these presents do, on behalf of myself individually and on behalf of the Estate of Mayer Michael Lebowitz (including without limitation any beneficiary, trustee, executor, administrator, heir, assignee, successor, or devisee of the Estate), assign and transfer to Tobi Kay Gellman, Trustee of the Mayer Michael Lebowitz Trust, hereinafter referred to as "assignee," whose mailing address is 5515 Northaven Road, Dallas, Texas, the entire right, title and interest in and to the '457 Patent and the Additional Patents; the same to be held and enjoyed by the said assignee for its own use and benefit, to the full end of the terms for which the '457 Patent and the Additional Patents are granted, as fully and entirely as the same would have been held by the Estate of Mayer Michael Lebowitz had this assignment and transfer not been made.

Executed this ___11___ day of ___January___, 2008.

_Tobi Kay Gellman_
Tobi Kay Gellman
Independent Executor of the Estate of
Mayer Michael Lebowitz

STATE OF TEXAS

COUNTY OF DALLAS

_Linda Sykes_

LINDA SYKES
Notary Public, State of Texas
My Comm. Expires July 9, 2011

Before me personally appeared _Tobi Kay Gellman_ and acknowledged the foregoing instrument to be her free act and deed this 11th day of _January_, 2008

GELLMAN00000209

# EXHIBIT 10



## DECLARATION AND POWER OF ATTORNEY

We, MAYER M. LEBOWITZ and JAMES SIEVERT, declare that we are citizens of the United States of America, residing at 5515 Northaven Road, Dallas, Texas 75229 and 6235 Lake Hubbard Parkway, Garland, Texas 75043, respectively; that we believe we are the original, first and joint inventors of the subject matter which is claimed and for which a patent is sought on the invention, design or discovery entitled **RF CELLULAR TECHNOLOGY NETWORK TRANSMISSION SYSTEM FOR REMOTE MONITORING EQUIPMENT**, the specification of which was filed on July 15, 1996 and bears Serial No. 08/680,394; that we have reviewed and understand the contents of the above-identified specification, including the claims; that we do not know and do not believe that said invention, design or discovery was ever known or used in the United States of America before our invention or discovery thereof, or patented or described in any printed publication in any country before our invention or discovery thereof, or more than one year prior to the priority date of this application, or in public use or on sale in the United States of America more than one year prior to the priority date of this application; and that we acknowledge our duty to disclose to the United States Patent and Trademark Office all information known to us to be material to patentability as defined in 37 C.F.R. §1.56(a).

We hereby appoint:

David H. Judson, Reg. No. 30,467

of the firm of Hughes & Luce, L.L.P. our attorneys with full power of substitution and revocation, to prosecute this application and to transact all business in the United States Patent and Trademark Office connected therewith, and to file and prosecute any international patent application filed thereon before any international authorities under the Patent Cooperation Treaty.

Please address all correspondence as follows:

David H. Judson
Hughes & Luce, L.L.P.
1717 Main Street
Suite 2800
Dallas, Texas  75201

and direct all telephone calls to David H. Judson at (214) 939-5672.

We hereby declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States

07769.0011:0199683.01

TELP000027

Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

_(Inventor's Signature)_

Mayer M. Lebowitz
5515 Northaven Road
6235 Lake Hubbard Parkway
Dallas, Texas 75229

10-3-96
_(Date)_

_(Inventor's Signature)_

James Sievert
6235 Lake Hubbard Parkway
Garland, Texas 75043

10-3-96
_(Date)_

07769.0011:0199683.01

# EXHIBIT 11

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

American Technology, et al                    Examiner: D. Abebe

Serial No.: 08/680,464                        Art Unit: 2731

Filed: 07/15/96

Title: RF CELLULAR TECHNOLOGY NETWORK
TRANSMISSION SYSTEM FOR REMOTE
MONITORING EQUIPMENT

Commissioner of Patents and Trademarks
Washington, D.C. 20231

POWER OF ATTORNEY BY INVENTOR
(REVOCATION OF PRIOR POWERS)

As inventor and owner of record of the entire interest of the
above identified

   ☒ application

REVOCATION OF PRIOR POWERS OF ATTORNEY

all powers of attorney previously given are hereby revoked and

NEW POWER OF ATTORNEY

the following attorney is hereby appointed to prosecute and
transact all business in the Patent and Trademark Office
connected therewith.

Terry M. Gerstein, Reg. No. 28850

SEND CORRESPONDENCE TO:

DIRECT TELEPHONE CALL

RECEIVED
AUG 25 1999
TC 2700 MAIL ROOM



TERRY GERNSTEIN AND INV BY INVEN BY INV

Date: 8-19-99

Mavor Leromt
Inventor and Applicant

James Stevart
Inventor and Applicant

Date: 8-19-99

TELP000279