IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOBI GELLMAN, AS TRUSTEE OF THE MAYER MICHAEL LEBOWITZ TRUST, §§§§<br><br>Plaintiff, §<br>§<br>v. §<br>§<br>ADT SECURITY SERVICES, INC., DIEBOLD, INCORPORATED, DIGITAL SECURITY CONTROLS, INC., EUROPLEX TECHNOLOGIES (USA) INC., NAPCO SECURITY SYSTEMS, INC., PROTECTION ONE, INC., TELULAR CORPORATION, AND NUMEREX CORP. §§§§§§§§§§§<br><br>Defendants. § | Civil Action No. 2:07-cv-00282-TJW<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FOR LACK OF STANDING**

Plaintiff Tobi Gellman, as Trustee of the Mayer Michael Lebowitz Trust, ("Gellman") hereby files this Opposition to Defendants' Motion to Dismiss for Lack of Standing:

**I.   INTRODUCTION**

The Defendants' Motion to Dismiss claims that Plaintiff did not have standing to sue at the time this case was filed. The central issue of dispute is whether Mr. James Seivert ("Seivert") ever had any rights to the patent at issue, U.S. Patent No. 6,075,451 ("the '451 patent"), or if his rights automatically were assigned to Cellular Alarm Systems, Inc. ("CAS"), Mayer Michael Lebowitz's ("Lebowitz") company. If Seivert was hired to invent the technology in the '451 patent, the laws of the State of Texas

provide that the rights to the '451 patent belong to the employer. Both Seivert and Lebowitz are deceased. Consequently, the evidence supporting this motion are documents that were in the possession of Tobi Gellman, executor of the Lebowitz estate and Michael Lebowitz's widow.

Defendants couch their motion as a motion to dismiss, but this opposition to Defendants' motion will make clear that a material issue of fact exists and that additional discovery is warranted if the Court finds that the evidence presented herein is insufficient. At a minimum, Plaintiff would require document requests of the Seivert estate and depositions of the heirs of Seivert. However, Plaintiff believes the evidence supporting this opposition to Defendants' motion gives a complete picture and that the totality of the circumstances clearly indicate that Plaintiff's standing was proper at the filing of this lawsuit because Seivert was hired to invent the technology claimed in the '451 patent.

Seivert was hired as a consultant to assist in the research and development of the technology claimed by the '451 patent. Lebowitz was the owner and operator of Cellular Alarm Systems, Inc. and a co-inventor of the '451 patent. (Declaration of Tobi Gellman, at ¶ 9). Seivert is the only other co-inventor of the '451 patent. Because Seivert was hired to help invent the technology claimed by the '451 patent, Cellular Alarm Systems, Inc., the employer and Lebowitz's company, owned the rights to the '451 invention.

Both co-inventors have passed away. Documentation regarding the working relationship between the co-inventors is somewhat limited, but the documentation that does exist clearly shows that Seivert was hired by Lebowitz to help invent the technology claimed by the '451 patent. Two draft agreements that contain assignment provisions, an addendum to the draft agreements, and the assignment of another patent application are

2

sufficient evidence alone to show that Seivert was hired by Lebowitz to assist in the research and development of technology that is claimed in the '451 patent.

## II. STATEMENT OF FACTS

The '451 patent was filed on July 15, 1996. The '451 patent relates generally to the use of cellular and other radio frequency ("RF") networks in alarm systems that are installed in residences and businesses. The documentation shows that Seivert was hired as a consultant on a per project basis by Lebowitz. Specifically, a business plan for Cellular Alarm Products, Ltd. ("CAP") states that Seivert was a consultant who was responsible for research and development. (Gellman Decl., Ex. A, at p. 5, Business Plans).

Furthermore, in late 1994, the parties even went so far as to draft a consulting agreement that contained numerous provisions. (Gellman Decl., Exhibit B, Agreement for Consulting Services). The agreement clearly specified that any inventions discovered by Seivert during his consulting would be assigned to CAS. (Gellman Decl., Ex. B ¶ 8). While documentation that the consulting agreement was signed by Seivert and Lebowitz was not in the possession of the Plaintiff, the parties did draft an addendum to the consulting services agreement. (Gellman Decl., Exhibit C, Addendum to Agreement for Consulting Services). Consequently, the existence of an addendum is evidence that it is likely that the consulting agreement was eventually signed by the parties. Likewise, the assignment of the patent application titled "A Universal Microprocessor/Interface" is further evidence that Lebowitz and his company would own any patents Seivert co-invented. (Exhibit 2 of Defendants' Motion to Dismiss for Lack of Standing, Assignment of application titled A Universal Microprocessor/Interface).

Seivert was a mathematician who was responsible for the research and development of the CELL-TRAXX microprocessor-interface and its many different software programs. (*See* Gellman Decl., Ex. B, p. 5). Seivert was also the principal of Tymer Corporation and affiliated with AC&E Company. (Gellman Decl., ¶ 10, Ex. B). Several of the checks to Tymer Corporation and AC&E show that Seivert was in fact paid for his work on the projects that resulted in the '451 patent. (Ex. D, checks to Tymer Corporation and AC&E). Seivert passed away on August 26, 2009. Moreover, neither Seivert nor his companies paid maintenance fees for the '451 patent. (Gellman Decl., ¶ 7). Likewise, neither Seivert nor his companies paid any patent prosecution fees. (Gellman Decl., ¶ 8).

### III. ARGUMENT

"[I]ssues of patent ownership are distinct from questions of inventorship." *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1263 (Fed. Cir. 2007). While Defendants' motion cites *Teets v. Chromalloy Gas Turbine Corp.* in stating that "an invention presumptively belongs to its creator," that same case reiterates the well-established exception to that presumption of ownership that an employer will own the rights to a patentable invention of an employee if the employee was hired to invent the invention or the employee was directed to exercise inventive faculties. *Teets v. Chromalloy Gas Turbine Corp.*, 83 F.3d 403, 407 (Fed. Cir. 1996) (citing, among other authorities, *United States v. Dubilier Condenser Corp.*, 289 U.S. 178, 187 (1933)); *Wommack v. Durham Pecan Co.*, 715 F.2d 962, 965 (5th Cir. Tex. 1983)("The employer must show that a mutual understanding existed between the inventor and his employer that the inventor was employed to exercise his inventive faculties for the employer's

4

benefit. If the employer proves this, he acquires ownership of the patent."); *Stranco, Inc. v. Atlantes Chemical Sys., Inc.*, 1990 U.S. Dist. LEXIS 14322 at *40 (S.D. Tex. May 29, 1990) (quoting *Standard Parts Co. v. Peck*, 264 U.S. 52 (1924)); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 2007 U.S. Dist. LEXIS 43782 (W.D. Wis. June 14, 2007) ("The 'hired to invent' doctrine recognizes an implied-in-fact contract assigning an employer ownership rights to inventions created by employees who have been hired or directed specifically 'to exercise inventive faculties.'"). In other words, when a person is hired to devote his efforts to a particular problem and those efforts result in an invention, the invention belongs to the employer. *Stranco,* 1990 U.S. Dist. LEXIS 14322 at *40 (citing *Shook v. United States*, 238 F.2d 952, 954 (6th Cir. 1956), cert. denied, 353 U.S. 924 (1957). If the employee is hired to invent, the resulting invention belongs to the employer and the inventor is bound to assign to his employer any patent obtained. *United States v. Dubilier Condenser Corp.*, 289 U.S. 178, 189 (1933); *Standard Parts Co. v. Peck*, 264 U.S. 52 (1924). Furthermore, "an assignment is not called for unless there is an express agreement to the effect that an assignment is required." *Kaplan v. Johnson*, 409 F. Supp. 190, 198 (N.D. Ill. 1976) (discussing *United States v. Dubilier Condenser Corp.*, 289 U.S. 178 (1933)).

This is exactly the situation in this case. Seivert was hired[1] to develop portions of the technology claimed in the '451 patent. (*See* Gellman Decl., Exs. A-C). Seivert and Lebowitz agreed that all developments discovered during the performance of consulting services belonged to CAS. (Gellman Decl., Ex. B) The draft consulting agreements,

---

[1] Defendants will likely argue that Seivert was not an employee in the traditional sense and that an exception to the hired to invent doctrine should apply. However, Plaintiff has not found any Fifth Circuit precedent that an exception to the hired to invent doctrine applies for independent contractors. Clearly Seivert was hired and compensated to exercise his inventive faculties.

addendum to the consulting agreement, checks to Tymer Corp. and AC&E, and the written assignment of the application titled "A Universal Microprocessor/Interface" all evidence the parties' mutual understanding that Seivert was hired to exercise his inventive faculties for CAS's benefit. (*See* Gellman Decl., Exs. A-D). The existence of an addendum to the consulting agreement implies that the consulting agreement was signed even though a signed copy has not been located. (Gellman Decl., Ex. C)

Furthermore, the actions of the parties evidence the mutual understanding that Lebowitz and his company would own any patents Seivert co-invented. Specifically, Seivert did not pay any of the maintenance fees or patent prosecution fees for the '451 patent. (Gellman Decl. ¶¶ 7-8). Seivert also assigned his interest in another patent application to Lebowitz, where Seivert and Lebowitz were co-inventors. (Ex. 2 of Defendants' Motion). These facts clearly show that Seivert and Lebowitz had a mutual understanding that Seivert would assign his interest for patents of which they were co-inventors.

Moreover, Defendants have not provided a single bit of evidence that CAS did not own the rights to the '451 patent. Accordingly, when the '451 patent issued, Seivert's rights to the patent automatically went to CAS, which rights were conveyed by Plaintiff as Executor of the Lebowitz Estate to the Lebowitz Trust (Defendants' Ex. 9), establishing Plaintiff's standing at the time of filing suit. Therefore, Defendant's motion to dismiss should be denied.

## IV. CONCLUSION

Plaintiffs respectfully request oral argument on the issues raised herein and in Defendants' Motion to Dismiss for Lack of Standing before the Court. Based on the

totality of the circumstances and the documentary evidence, it is clear that Seivert was hired to invent technology claimed in the '451 patent.  Consequently, Plaintiff owns all rights in the '451 patent and has standing to sue on the '451 patent, and Defendant's motion to dismiss should be denied.

                                                Respectfully submitted,


Date:  May 13, 2010                             /s/ Edward W. Goldstein_____
                                                Edward W. Goldstein
                                                Texas Bar No. 08099500
                                                Corby R. Vowell
                                                Texas Bar No. 24031621
                                                Califf T. Cooper
                                                Texas Bar No. 24055345
                                                GOLDSTEIN, FAUCETT & PREBEG, LLP
                                                1177 West Loop South, Suite 400
                                                Houston, Texas  77027
                                                (713) 877-1515 – Telephone
                                                (713) 877-1737 – Facsimile
                                                E-mail: egoldstein@gfpiplaw.com
                                                E-mail: cvowell@gfpiplaw.com

                                                Melissa R. Smith
                                                **Gilliam & Smith, LLP**
                                                303 South Washington Avenue
                                                Marshall, TX  75670
                                                Tel:  903-934-8450
                                                Fax:  903-934-9257
                                                Melissa@gillamsmithlaw.com

                                                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 13, 2010. Any other counsel of record will be served by first class U.S. mail.

                                                    /s/ Edward W. Goldstein\_\_\_\_\_
                                                    Edward W. Goldstein