# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TOBI GELLMAN, AS TRUSTEE OF THE MAYER MICHAEL LEBOWITZ TRUST | § § § | |
| Plaintiff, Counter-Defendant | § § | Civil Action No. 2:07-cv-00282-CE |
| v. | § § § | |
| ADT SECURITY SERVICES, INC., TELULAR CORPORATION, NAPCO SECURITY SYSTEMS, INC., AND VISONIC INC. | § § § § § | |
| Defendants, Counter-Plaintiffs | § § § § | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF STANDING

## I.   INTRODUCTION

Plaintiff acknowledges that the original basis by which she asserted standing to sue on U.S. Patent No. 6,075,451 ("the '451 Patent"), namely an assignment signed by the '451 patent co-inventor John James Seivert ("Seivert") to a different patent application (See Defendants' Motion to Dismiss, Benn Dec., Exhibits 3 and 4 (Dkt. No. 160), does not assign any of Seivert's rights in the '451 Patent.[1] With the jurisdictional basis of her claim entirely discredited, Plaintiff has now produced new documents in a desperate attempt to provide this Court with a new explanation: that somehow Seivert's rights to the '451 Patent were automatically assigned under the narrow "hired-to-invent" doctrine. But this explanation is also unavailing. In a nutshell, the "hired-to-invent" doctrine applies (albeit rarely) to employees and never to independent contractors. To the extent Seivert had any relationship with the non-party Cellular Alarm Systems, Inc., all the evidence indicates – Plaintiff even agrees – that Seivert was an independent contractor. Consequently, the "hired-to-invent" doctrine does not apply. Plaintiff has run out of explanations. As a matter of law, Plaintiff is not the sole owner of the '451 Patent, and Defendants are licensed and immune from suit. Dismissal for lack of standing and failure to join an indispensable party is warranted.

## II.   THE "HIRED-TO-INVENT" DOCTRINE DOES NOT APPLY TO SEIVERT AS A MATTER OF LAW

Plaintiff does not dispute that, at all relevant times, Seivert was not an employee of Cellular Alarm Systems, Inc. but was, instead, an independent contractor consultant of Mayer Michael Lebowitz ("Lebowitz") or one of his corporate entities. Plaintiff concedes this in her Response Brief stating that "Seivert was "hired as a consultant" by Cellular Alarm Systems, Inc.

---

[1] Defendants specifically alleged under the Statement of Undisputed Facts in their Motion to Dismiss, that the Purported Patent Assignment relates to a separate '512 application. Since Plaintiff's Opposition failed to controvert this or any other Undisputed Statement of Facts, the Court should adopt these facts as true.

**DEFENDANTS' REPLY BRIEF - MOTION TO DISMISS FOR LACK OF STANDING** - Page **1**

*See* Plaintiff's Opposition to Defendants' Motion to Dismiss, (Dkt. No. 163) (hereinafter "Plaintiff's Opposition") at p. 2; p. 5, fn. 1 (referencing Seivert as an "independent contractor"); Gellman Exhibit D (copies of checks written to Seivert's companies).

The undisputed general rule is that inventions belong to their creators, even if the creator was employed by another. *Banks v. Unisys Corp.*, 228 F.3d 1357, 1359 (Fed. Cir. 2000) ("The general rule is that an individual owns the patent rights to the subject matter of which he is an inventor, even though he conceived it or reduced it to practice in the course of his employment."); *Teets v. Chromalloy Gas Turbine Corp.*, 83 F.3d 403, 407 (Fed. Cir. 1996) ("an invention presumptively belongs to its creator."). Plaintiff seeks to rely upon the "hired-to-invent" exception to this general rule which states that where an employer hires an employee specifically to invent a particular product, the patent rights to the invention belong to the employer. This exception is inapplicable to Seivert.

Even accepting Gellman's evidence of unsigned agreements and business plans for different companies, Seivert was, at best, an independent contractor of Cellular Alarm Systems, Inc. The "hired-to-invent" doctrine "employs a bright line rule that a contract term transferring invention ownership to an employer may not be inferred when the inventor is an independent contractor." *Building Innovation Indus., L.L.C. v. Onken*, 473 F. Supp. 2d 978, 984 (D. Ariz. 2007). "The rule does not apply outside an employment relationship." *Gilson v. Comm'r*, 48 T.C.M (CCH) 922 (1984), *citing Allegheny Steel & Brass Corp. v. Elting*, 141 F.2d 148, 149 (7th Cir. 1944). Rather, an independent contractor, even when "specifically engaged to create a design or invention, is still the owner of the design or invention and the patent rights." *Id.* Independent contractors are not considered "employees" under the law and, therefore, are not subject to the "hired-to-invent" exception. *SLT, LLC v. Tri Khai Tran*, 2009 U.S. Dist. LEXIS 16687, *21-23 (S.D. Ala. March 2, 2009) (granting summary judgment in part on the basis that

**DEFENDANTS' REPLY BRIEF - MOTION TO DISMISS FOR LACK OF STANDING** - Page **2**

the hired-to-invent exception did not apply because inventor was not an employee); *Gasser v. Infanti Int'l, Inc.*, 353 F. Supp. 2d 342 (E.D.N.Y. 2005) (declining to extend the hired-to-invent exception to a non-employee engineering consultant inventor).

Plaintiff does not cite to a single case applying the hired-to-invent exception to independent contractors.[2] Seivert was never an employee of Lebowitz or any of his companies; the Plaintiff does not allege otherwise. As a matter of law, the hired-to-invent exception applicable to employer-employee relationships does not govern Seivert's rights to the '451 Patent. The hired-to-invent doctrine is *the exception* to the general rule that patents are owned by the inventor absent a written assignment. Plaintiff does not cite any precedent extending this narrow exception, applicable to an employer-employee relationship, to independent contractors. Indeed, as set forth above, numerous cases have unequivocally rejected such a proposition. As such, Plaintiff has failed to meet her burden.

## III. THE EVIDENCE PRESENTED BY PLAINTIFF DOES NOT EVEN DEMONSTRATE AN INTENT TO ASSIGN

Plaintiff has presented no admissible evidence to show that Seivert's work on the inventions claimed in the '451 Patent was pursuant to a consulting agreement. Nor does she support any argument that Seivert agreed to assign his interest in the patent to Cellular Alarm Systems, Inc. Rather, Plaintiff relies upon unsupported attorney argument[3] and immaterial documents: (A) three unsigned agreements that have not been shown to relate to the inventions

---

[2] Every case the Defendants have been able to locate that addresses the issue holds that the hired-to-invent exception does not apply to independent contractors.

[3] For example, the Opposition brief repeatedly asserts that Seivert was "hired to invent the technology claimed in the '451 Patent" yet provides no evidence demonstrating a connection between the submitted exhibits and the technology claimed in the '451 Patent. Similarly, the checks in Exhibit D, allegedly paying for Seivert's inventive activity, fail to describe the goods or services for which Seivert's companies were being compensated. Plaintiff's Opposition at p. 4-6.

claimed in the '451 Patent; (B) an assignment of a different patent application to Lebowitz; and (C) a hearsay business plan for a separate company.

### A. The Unsigned Consulting Agreements

Gellman describes Exhibit B as "true and correct copies of Consulting Agreements between Cellular Alarm Systems, Inc. and John James Seivert." (Plaintiff's Opposition, *Gellman* Dec.; ¶ 4). Notably, however, both of these purported Consulting Agreements are *unsigned* by any party and differ in time and content (see fax header dates and paragraph 12 for examples). Plaintiff's strained construction that unsigned contract drafts equate to an assignment by Seivert is contrary to law. Rather, the absence of signed agreements evidences that such terms were not accepted by Seivert. In *Banks v. Unisys Corp.*, 228 F.3d 1357, 1359 (Fed. Cir. 2000), the plaintiff was provided several standard forms for the assignment of inventive rights during the course of his employment that would have assigned all rights to his inventions to his employer Unisys. However, such agreements were never signed. The Federal Circuit noted that the failure of Banks to sign the agreements evidenced a refusal to assign, rather than an agreement:

> Although Unisys points to evidence that suggests that Banks was hired to invent an image camera system, **a reasonable inference from Banks' failure to sign the agreements presented to him by Unisys, as well as from the failure of Unisys to pursue the signing of these Agreements, is that Unisys acquiesced to Banks' refusal to convey ownership of his inventions**, and thus an implied-in-fact-contract to assign inventors rights was not formed.

*Id.* at 1359 (emphasis added).

The more logical inference to be drawn from the absence of any signed agreements, as recited in the *Banks* case, is that there was no such agreement between Seivert and Lebowitz because Seivert rejected the terms presented to him. Indeed, the very existence of two separate agreements indicates that one of the parties was dissatisfied with the terms of one of the

agreements. The lack of any signatures on the purported Addendum of Exhibit C to the Gellman Declaration further indicates that Seivert never agreed to assign his inventions to Cellular Alarm Systems, Inc.[4] Rather than supporting Plaintiff's arguments, the existence of three unsigned documents - and not a single signed one - leads directly to the opposite conclusion: that no agreement was signed because terms were not agreed upon by the parties.

      **B.**      **The "Business Plan"**

Gellman avers that Exhibit A is "a true and correct copy of a Business Plan of Cellular Alarm Products, Ltd." (Plaintiff's Opposition, *Gellman* Dec.at ¶ 3). However, a review of this hearsay exhibit shows that the document actually relates to an entity identified as Advanced Cellular Technologies, Inc., which, according to the first sentence of page 2 of the document, was not formed until April 15, 1999.[5] Moreover, Exhibit A is prominently dated July 18, 2004. Since the '451 Patent was filed on July 15, 1996, this document has no bearing on the subject dispute.

      **C.**      **The Previously Relied Upon Assignment**

Although Plaintiff now acknowledges that the previously relied upon written assignment does not pertain to the '451 Patent, she alleges that the very existence of this inapplicable assignment document from "Jim Seivert" to "Mike Lebowitz" somehow evidences that at least one of the purported Consulting Agreements was likely signed, and the terms set forth therein were in effect and required Seivert to assign all of his interest in any patents to Cellular Alarm Systems, Inc. (Plaintiff's Opposition, p. 3). Instead, the inapplicable written assignment reflects

---

[4] The unsigned Consulting Agreements of Exhibit B concern consultancy services "between John J. Seivert and "Cellular Alarm Systems, Inc." yet the Addendum of Exhibit C concerns consultancy for a different company "Cellular Alarm Products, Ltd."

an assignment of a different patent application from Seivert to Lebowitz -- not to Cellular Alarm Systems, Inc. Moreover, the written assignment is inconsistent with the terms of the unsigned Consulting Agreements as it does not assign to Cellular Alarm Systems, Inc., thereby again providing indicia that the Consulting Agreements were never signed or accepted.

## IV.   CONCLUSION

The Court should dismiss with prejudice all claims against the Defendants since the Plaintiff has failed to meet her burden of establishing she has standing to bring this suit. Plaintiff presents no reliable proof that co-inventor Seivert executed an assignment of his ownership rights in the '451 Patent to Lebowitz or his company. The evidence instead indicates, and Plaintiff concedes, that Seivert was not an employee of Lebowitz or his company, but at best an independent contractor. This means that, as a matter of law, Seivert has remained co-owner of the '451 Patent. Plaintiff's failure to obtain the consent of co-owner Seivert to join as a plaintiff is fatal to her claims. Where, as here, the co-owner has in fact entered into a license and covenant not to sue the Defendants, involuntary joinder is not possible, and a dismissal with prejudice is warranted.

Dated: May 24, 2010                                      Respectfully submitted,

By:/s/ *John R. Mugno (with permission)*        By:/s/ *Morgan D. Vaughan (with permission)*
John R. Mugno                                                  Jennifer H. Doan
350 Broadway, 10th Fl,                             Texas Bar No. 08809050
New York, NY 10013                               Morgan D. Vaughan
Tel: 212-925-3474                                      Texas Bar No. 24060769
Fax: 212-925-3665                                     HALTOM & DOAN
E: Johnmugno@aol.com                          6500 Summerhill Road
                                                                 Crown Executive Center, Suite 100
Amanda A. Abraham                               PO Box 6227
THE ROTH LAW FIRM                              Texarkana, TX 75505
115 N. Wellington, Suite 200                    Tel: 903-255-1000
PO Box 876                                                     Fax: 903-255-0800
Marshall, TX 75671-0876                           E: jdoan@haltomdoan.com
E: aa@rothfirm.com                                  E: mvaughan@haltomdoan.com

Counsel for Napco Security Technologies, Inc.     Marvin Benn
                                                                  James P. Hanrath
                                                                  Steven P. Blonder
                                                                  MUCH SHELIST
                                                                  191 N. Wacker Drive, Suite 1800
                                                                  Chicago, IL 60606-1625
                                                                  Tel: 312-521-2000
                                                                  Fax: 312-521-2200
                                                                  E: jhanrath@muchshelist.com
                                                                  E: mbenn@muchshelist.com
                                                                  E: sblonder@muchshelist.com

                                                                  Counsel for Telular Corporation

<995>By: */s/ Julianne M. Hartzell (with permission)*
Thomas I. Ross
Julianne M. Hartzell
Benjamin T. Horton
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
E:tross@marshallip.com
E: jhartzell@marshallip.com
E: bhorton@marshallip.com

Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903)757-6400
E: wh@jwfirm.com

Counsel for Visonic, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 24th day of May, 2010.

/s/ Morgan D. Vaughan
Morgan D. Vaughan